Action to recover damages for personal injury alleged to have been sustained by the feme plaintiff at Bagley, N.C. on 29 January, 1909. At the conclusion of the evidence introduced by the plaintiffs, on motion of defendant's counsel there was a judgment of nonsuit. The plaintiffs appealed.
The facts are sufficiently stated in the opinion of the Court by Mr.Justice Brown.
The defendant offered no evidence, and the following is an accurate statement of that offered by plaintiff:
Plaintiff was a passenger on defendant's train on the morning of 29 January, 1909, and left the train at Bagley, N.C. a flag station at which there was no regular depot, station-house, or platform. Passengers alighted generally in the vicinity of the public crossing. The conductor helped the plaintiff off the car, and placed her safely on the ground about sixty feet north of the crossing, on the right side of the track going north, from which point she started towards the crossing.
There were several cross-ties distributed along the right of way for use in repairing the road between the point where she alighted and the crossing. The plaintiff stepped on one of the cross-ties, her foot slipped on the tie, and threw her ankle out of joint.
Plaintiff testifies she knew that the tie she stepped upon was "wet, muddy, and slippery, and one end in the ditch and the other end towards the railroad, and the end towards the railroad was higher." Plaintiff says she stepped on the tie because she thought it safer to step on it than over it. Plaintiff admits she could easily have stepped over it, and further admits that she could have walked around this cross-tie without stepping on or over it.
The other testimony is that of two witnesses introduced by the plaintiff, which tends to prove that the nearest end of the cross-tie was five or six feet from the car, and that there was ample room for the the plaintiff to pass around it. (557) *Page 466 
The defendant offered no evidence, and moved to nonsuit, which motion was granted.
Upon a review of these undisputed facts, we conclude that his Honor properly sustained the motion to nonsuit: first, because there is no evidence of negligence; second, because the plaintiff's own negligence was the immediate cause of her injury.
1. Bagley is a flag station, having no depot nor station platform of any kind. Passengers are taken on the train in the vicinity of the crossing.
The defendant for purposes of repairing its track had placed a few cross-ties at intervals along its right of way; the exact number does not appear; plaintiff says several, while one of her witnesses says there was only one tie between where she alighted and the crossing.
All the evidence shows there was a space or passway five or six feet wide between the end of the ties nearest the railroad track and the cars. There is nothing in the evidence to indicate that plaintiff could not have walked around the ties with perfect safety.
This occurrence did not happen in a town or city where a regular station is kept, but at a flag station where there was no depot or platform required by law.
We recognize fully the duty of a common carrier to provide safe means of access to and from its stations for the use of passengers, 1 Hutchison on Carriers, sec. 51, but what may be considered a reasonably safe exit under conditions existing at Bagley would not be so regarded in populous towns and cities.
We are not prepared to hold that it was negligence upon the part of the defendant to lay a few cross-ties under such conditions at intervals along its right of way for the purpose of repairing its track, where they were in plain view of the passengers in broad daylight, and not in the least dangerous to a person exercising ordinary care.
2. It is well settled in this State that where the plaintiff's own evidence discloses such contributory negligence as bars recovery, a motion to nonsuit should be sustained. We think that is the case here.
(558) The plaintiff was assisted from the car by the conductor and landed in a place of safety only sixty feet from the public crossing. It was broad daylight. She started towards the crossing. She admits that she saw the cross-tie before her. It was in an inclined position, one end elevated some and the other in a ditch. She admits that she saw that it was muddy and slippery on top.
She further states that she could have easily walked around it, or have stepped over it. In fact, a ten-year-old child could have stepped over it. Instead of taking the obviously safe course that the most *Page 467 
ordinary prudence would have dictated, and either stepping over or walking around it, the plaintiff, with full knowledge of its condition, stepped upon the inclined tie, muddy and slippery as she knew it to be, and sprained or dislocated her ankle. As much as we may sympathize with the plaintiff in her misfortune, a bare statement of the facts is, in our opinion, sufficient to demonstrate that it was caused by her thoughtlessness.
Suppose she had been on a station platform, and had discovered a hole in front of her in time to avoid it, and had stepped in it instead of walking around it; or suppose she had seen a grease splotch ahead of her on the platform, and had deliberately walked through it, instead of stepping across or walking around it, could she have recovered damages for consequent injury? It will scarcely be contended that she could.
This is not like Hinshaw v. R. R., 118 N.C. 1052 (cited by plaintiff), where a passenger is placed suddenly in a position of danger by the carrier's negligence and required to decide at once what course to pursue. He is not expected to exercise infallible judgment, but only ordinary care, and if he does so, he is not held to the consequences of his act if he makes a mistake.
But the plaintiff was not confronted with a sudden danger. She was in a place of absolute safety. The whole situation was open before her. She saw the tie, that it was slanting, muddy, and slippery. She admits she could have stepped over it, or walked around it. She did neither, but deliberately stepped on it. She must bear the unfortunate consequences of her carelessness.
The case is very much like that of John v. R. R., 133 Ga. 525, (559) where a woman with full knowledge that a strip of pavement along the car track had been torn up, decided to step across the excavation, and in doing so stepped on a paving stone and slipped and fell.
The Court says: "The conductor, who was inside the car, had nothing to do with this decision, or the effort to carry it out. When she attempted to step from the car across the opening in the pavement, she placed her foot on a paving stone, or dirt, which gave way, and she was hurt. She took the chance of being able to make the long step successfully, and she failed to do so in safety. Even if the defendant was not altogether faultless, nevertheless, she cannot recover for the results of her own conduct, with full knowledge and in full view of the situation. Her injury was unfortunate, but she has no right to recover from the defendant. This case is not like those involving concealed danger, or dangerous places known to the company and not to the passengers, or where a passenger was ordered, or forced to leave a car, or *Page 468 
where there was a defect in street or sidewalk, which may have been previously known to a passenger, but of the proximity or danger of which by reason of darkness, or other cause, at the time of the injury, he was not aware."
We do not deem it necessary or useful to discuss the cases cited in the brief of the learned counsel for plaintiff. None of them bear even a little resemblance to the case at bar, which is peculiar and unusual in the facts presented.
The judgment of the Superior Court is
Affirmed.