GEORGE C. THOMPSON v. PURCELL CONSTRUCTION COMPANY AND WINSTON-SALEM SOUTHBOUND RAILROAD COMPANY.

(Filed 13 November, 1912.)

**Railroads—Contributory Negligence—Evidence—Nonsuit.**

In an action to recover damages for a personal injury, it appeared from the plaintiff's evidence that the defendant construction company was engaged in constructing for its codefendant, a railroad company, a cut under the track of another railroad company for the purpose of crossing beneath it, at right angles, which was deep in the center where it passed, extending in each direction a considerable distance; that with full knowledge and appreciation of the danger, the plaintiff, on a dark night, attempted to walk the exposed sills over the cut, when it was too dark for him to see them, when he could safely have used a roadway about a quarter of a mile distant, and fell through a space left open between the sills, to his injury: *Held*, upon his own evidence, the contributory negligence of the plaintiff barred his recovery, and a motion to nonsuit upon the evidence should have been allowed.

APPEAL by defendants from *O. H. Allen, J.,* at April Term, 1912, of DAVIDSON.

Civil action. At the close of the testimony of plaintiff, who was the only witness examined, the defendants moved to nonsuit. Motion overruled. The defendants, the construction company and the railroad company, appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*Emery E. Raper, McCrary & McCrary for plaintiff.*

*Phillips & Bower, F. C. Robbins, Watson, Buxton & Watson for defendants.*

BROWN, J.   The plaintiff was the only witness examined, and from his testimony it appears that the construction company was engaged in constructing for its codefendant, the Southbound Railroad, a cut under the tracks of the Southern Railway near Lexington.   This cut was three-quarters of a mile in length, and deep in the center where it passed under the Southern's tracks, and extended about half a mile south of the Southern Railway, and about a quarter of a mile north, and crossed under the Southern at right angles.

The plaintiff testified that he attempted to cross in the night on the Southern Railway track lying north of the center track by walking on the cross-ties, the earth having all been taken out below the two north tracks; that he knew the condition; that he knew it was a dangerous place; that his little boy was just in front of him, and that he called to his boy to be careful in crossing; that it was so dark he could not see.   Plaintiff said also, "I could not see the cross-ties when walking.   I could not see the space between the cross-ties.   I had gone 12 or 15 feet safely between the rails on the right-hand track.   I undertook to cross from that track to the middle track.   I knew there was an opening between the two tracks, and I stepped through it."   "I had crossed this same trestle three times that day.   I had crossed it before.   I knew very well the conditions there, and knew it was a dangerous place."

In view of the admitted facts that plaintiff was not in the employment of either of these defendants, and was not injured on their roadway, and that he could have gone safely home by walking a quarter of a mile to the north of the Southern Railway trestle, it is difficult to see what duty these defendants owed plaintiff that they failed to perform.

But it is manifest from his own testimony that plaintiff was guilty of such inexcusable heedlessness as bars recovery under the accepted doctrine of contributory negligence.

Instead of taking the path of safety, although only a quarter of a mile longer, he voluntarily and unnecessarily undertook to cross a railway trestle, over a deep excavation, knowing all the

conditions and that it was a dangerous place to cross, especially on a dark night. He says he knew there was an opening between the two tracks before he attempted to cross from one track to the other, and that he stepped in the dark into this open space and fell through.

No prudent man would have attempted such an act, and at the time of his injury, if he was doing what no prudent man would have done, he is guilty of contributory negligence, and his own careless act was the proximate cause of his injury. *Neal v. Town of Marion,* 126 N. C., 412; *Hinshaw v. R. R.,* 118 N. C., 1047.

It is settled that the defendants may avail themselves of their plea of contributory negligence on the motion to nonsuit, as the facts are undisputed and arise upon plaintiff's evidence. *Wright v. R. R.,* 155 N. C., 325.

The judgment of the Superior Court is reversed, and the motion to nonsuit allowed.

Reversed.