109 N.J. Super. 14 (1969)
262 A.2d 209
ELIZABETH VAN SICKELL AND JAMES VAN SICKELL, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
ABE MARGOLIS, ALICE HOLMES, INDIVIDUALLY AND ALICE HOLMES, t/a COLONIAL LAUN-DRY CENTER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 8, 1969.
Decided October 9, 1969.
*15 Before Judges CONFORD, COLLESTER and KOLOVSKY.
Mr. Adolph Romei argued the cause for appellants (Messrs. Romei & Bernstein, attorneys).
Mr. Raymond C. Connell argued the cause for respondent Abe Margolis (Messrs. Connell & Andresakes, attorneys).
*16 PER CURIAM.
Plaintiffs appeal from a judgment entered on a jury verdict of no cause for action in favor of the defendant Abe Margolis.
On February 7, 1965, at about 6 P.M., plaintiff Elizabeth Van Sickell was injured when she fell on the sidewalk of a shopping center after leaving a laundromat to walk to her car which was parked in an off-street parking area in front of the store. It was raining and there was an accumulation of ice and snow in the area. The laundromat was operated by Alice Holmes who leased the premises from Abe Margolis, the owner of the shopping center.
Plaintiffs brought suit against both Margolis and Holmes charging, in separate counts, negligence by each of them in the maintenance of the sidewalk. Holmes could not be served with process and the action proceeded only against Margolis. In the pretrial order plaintiffs contended that Elizabeth Van Sickell "stepped into a hole or break in the sidewalk which was covered with ice and snow and was caused to fall and slip and suffer the injuries complained of." At the trial Mrs. Van Sickell testified "the snow gave way under my feet" at a crack at the edge of the sidewalk. Margolis said he had never undertaken to remove the snow from the walk, that this was the obligation of the tenant, and that the "crack" in the walk was an expansion joint and the walk needed no repairs. Plaintiffs' sole ground of appeal is that remarks made by defendant's counsel in summation, over their objection, were so prejudicial as to call for a reversal.
The record indicates that during summation defendant's counsel argued that the owner of the shopping center owed no duty to the plaintiff and the maintenance of the sidewalk was the obligation of the tenant. Thereafter the record reads as follows:
MR. CONNELL [defendant's attorney]: So, I say to you, ladies and gentlemen, first of all, we had no responsibility to do anything with regard to this property. The responsibility rested solely with *17 this tenant; and in furtherance of that, in the very Complaint which she filed, she charged, 
MR. ROMEI [plaintiffs' attorney]: If your Honor please, I am going to object. I think it is improper. There is a Pre-Trial Order defining the issues. The Complaint is not in evidence of anything.
MR. CONNELL: I submit, your Honor please, the pleadings are part of the case.
THE COURT: I will permit Mr. Connell to refer to the Complaint, and bear in mind ladies and gentlemen, that in a Complaint, a lot of allegations are made in drawing the Complaint, that doesn't necessarily mean that every allegation made has to be proven by the plaintiff.
I will take care of that in my charge so that there will be no confusion about it, and justice will be done to everybody.
At the beginning of the Complaint she charges the present defendant with a breach of duty. The parts that Mr. Connell is going to read to you, she charges the tenant, the lady who ran the Laundromat, with a breach of duty.
So, it will be for you to determine not from what is in the terms, but from the facts in this case who breached what duty owed to the plaintiff. (Emphasis added.)
Defendant's attorney then proceeded to review the allegations in plaintiffs' complaint charging the tenant Holmes with negligence in the maintenance of the premises and said:
Now, the purpose for these ladies and gentlemen, is merely this. She must prove all of these allegations. So in this complaint she calls for it, that she is in a position to prove these things. Yes, as his Honor told you, she makes the same charges again. The landlord, the owner of the property.
So, she makes charges against anybody and everybody in the hope that some of the charges might stick (Emphasis added.)
In his summation plaintiffs' attorney sought to overcome defendant's remarks by explaining that the complaint is drawn by plaintiffs' lawyer and that the issues of a case are framed at the pretrial conference. In the court's charge that followed the jury was instructed that the defendant owner of the shopping center was under a duty to exercise reasonable care to maintain his property in a reasonably safe condition and that as part of this obligation was under a duty to keep it free from snow and ice. However, the court made no reference whatsoever to the plaintiffs' alternative *18 allegations in the complaint concerning the alleged liability of the tenant and to the immateriality thereof, although it had previously stated that the matter would be clarified in the charge. When the plaintiffs' attorney called this to the court's attention at the completion of the charge the court said merely, "All the objections of counsel are noted."
It is well settled that a plaintiff may join all persons as party defendants in an action where a claim is asserted against them jointly, separately or in the alternative when the cause of action arises out of the same occurrence (R.R. 4:32-4) and that a party may set forth alternative or inconsistent claims in the pleadings. (R.R. 4:8-5(b)).
Factual admissions made by the pleader in one count are not admissible against him in an issue raised in an alternative, inconsistent count. See 29 Am. Jur.2d, § 692, p. 747; McCormick v. Kopmann, 23 Ill. App.2d 189, 161 N.E.2d 720, 729 (Ct. App. 1959). Moreover, the pleader's conclusions of law are not admissions of facts.
In the instant case defendant's counsel was permitted to substantially state to the jury plaintiffs' legal conclusions contained in the alternative counts of the complaint which charged the tenant with negligence. Holmes was not a party in the action. The conclusionary allegations against Holmes in the complaint were not admissible against the plaintiffs. The issue in this case was the alleged negligence of Margolis only, as framed in the pretrial order. Defendant's counsel's comments were manifestly improper and obviously made to divert the jury's consideration from that issue.
We are satisfied that defendant's counsel's improper remarks, in the light of those of the trial court in overruling plaintiffs' objection, had a clear capacity to produce an unjust result in this case and constituted prejudicial error. The implication was that plaintiff Elizabeth Van Sickell was a suitor indiscriminately suing everyone conceivable and without justification. The trial court's remarks in overruling *19 the objection implied that the jury was to determine whether the claim properly lay only against the tenant rather than the landlord. This was misleading as well as incorrect. The tenant's liability was no longer an issue in the case. This fact was not clarified by the court in its charge to the jury, notwithstanding a request therefor by plaintiffs.
We cannot find that the court's charge to the jury eliminated the prejudicial potentiality of counsel's comment, absent a clear admonition to the jury by the court that it should completely disregard the original count against the tenant and consider only the liability of the landlord.
The judgment is reversed and the case remanded for a new trial.
KOLOVSKY, J.A.D. (dissenting):
I agree with the majority that it was improper for defendant's attorney to have referred in his summation to the alternative counts of the complaint directed to the tenant, defendant Holmes.
I find it unnecessary to decide whether that error would be of such significance as to warrant reversal, cf. Biruk et al. v. Wilson et al., 50 N.J. 253, 262 (1967), if corrective action had not been taken. As I read the record, any prejudice that may have resulted from those remarks were effectively eliminated by the court's charge. There is, therefore, no reason to reverse the judgment and order a new trial.
The remarks were made in support of defense counsel's argument that the landlord, defendant Margolis, had no duty to remove the snow and that the responsibility therefor was on the tenant. The paragraph of the summation which immediately precedes the portion quoted in the majority opinion is illuminating:
"Now, I submit to you ladies and gentlemen, that Mr. Margolis as the owner of the property, first of all was under no obligation as I am sure his Honor will charge you, to remove the snow. Even if he had the duty to do it, and he testified under the terms of his lease, the tenant had the obligation and the duty and the responsibility to remove *20 that snow and ice. He was not in control of those premises. He was not in possession. The tenant was, and the tenant was the one who had the responsibility to her customer, the plaintiff, to keep that area free, not the owner of the property.
So, I say to you, ladies and gentlemen, first of all, we had no responsibility to do anything with regard to this property. The responsibility rested solely with this tenant; and in furtherance of that, in the very Complaint which she filed, she charged, 
MR. ROMEI: If your Honor please, I am going to object. I think it is improper. There is a Pre-Trial Order defining the issues. The Complaint is not evidence of anything."
The trial court in its charge told the jury not only that: "You must determine the facts only from the evidence received in Court. You must not consider as evidence any statement of counsel made during the trial," but also, and contrary to what defendant's attorney had said, that defendant Margolis did owe a duty to plaintiff, that:
"A lessor, a landlord, an owner of property who leases or rents property for the purpose involving the admission of the public, is under a duty to see that the rented premises are safe for the use so intended, and that their condition will not expose anyone to unreasonable risk or harm, any of the public, who may enter therein. The performance of that duty, the owner is required to exercise reasonable care to inspect the premises; and should the owner violate his duty as thus defined, and should an invitee of the tenant or owner suffer injury as a proximate result of such violation, the owner is liable for that injury unless the injured person is guilty of contributory negligence.
In this case we are concerned with the duty of the owner of a shopping center to an invitee. The defendant, Abe Margolis, owed to the plaintiff, Elizabeth Van Sickell, a business invitee, the duty of exercising reasonable care to maintain his property in a reasonably safe condition. As part of this obligation, the defendant was under a duty to exercise reasonable care in the maintenance of the property and to keep it free of snow and ice."
Further in the course of its charge, in opening its discussion of the pleaded defense of contributory negligence, the court said:
"The plaintiff, Elizabeth Van Sickell, came to the premises as a business invitee and was using the sidewalk in the parking center area, in the manner in which it was intended to be used. Defendant *21 was required to exercise ordinary care to render the premises reasonably safe. She had the right to assume that he had performed his duty."
The charge effectively conveyed to the jury that in dealing with the issue of negligence, they were to be concerned only with whether defendant Margolis had negligently breached the duty which the court said he owed plaintiffs. In my opinion, there is no warrant for concluding that the effect of the remarks made by defendant's attorney in summation survived the court's definitive charge.
I would affirm.