SANDRA BASS WOODS v. RICHARD LEE SMITH AND ·WILDA NORRIS STALLINGS

No. 103

(Filed 12 June 1979)

1. **Evidence § 34.1; Rules of Civil Procedure § 20 — joinder of defendants — alternative claims of negligence — negligence of one defendant imputed to plaintiff — admission of allegations in complaint — no judicial admission**

    The allegation of negligence against one defendant in the complaint of a plaintiff who joins two defendants asserting claims of negligence against them in the alternative, when admitted by the second defendant in his answer, is not a binding judicial admission entitling the second defendant to summary judgment when the negligence of the first defendant is, as a matter of law, imputed to the plaintiff.

---

**Woods v. Smith**

---

**2. Evidence § 34.1; Trial § 22.1— repudiation of allegations in deposition—summary judgment proper**

    ·  Should a party in her deposition repudiate the allegations of her complaint in an unequivocal manner, the court should grant a motion for summary judgment in defendant's favor.

**3. Evidence § 34.1— party's adverse statements—evidential admissions—no judicial admissions—exceptions**

    A party's adverse statements, given in a deposition or at trial of the case, are to be treated as evidential admissions rather than as judicial admissions, the former being words or conduct admissible in evidence against the party making them but subject to rebuttal or denial, and the latter being formal concessions which are binding in every sense. Two exceptions to this rule are: (1) when a party gives unequivocal adverse testimony, his statements should be treated as binding judicial admissions rather than as evidential admissions; and (2) when a party gives adverse testimony, and there is insufficient evidence to the contrary presented to support the allegations of his complaint, summary judgment or a directed verdict would in most instances be properly granted against him.

**4. Evidence § 34.1; Trial § 22.1— plaintiff's adverse statements in deposition—uncertainty—sufficiency of evidence of defendant's negligence**

    In a personal injury action where plaintiff's deposition testimony was substantially adverse to her allegations of negligence against one defendant, the trial court nevertheless erred in granting summary judgment for defendant, since plaintiff's deposition testimony was equivocal, uncertain and inconsistent, and since there was before the court, at the time of the hearing on defendant's motion, sufficient evidence for a jury to find that defendant was negligent, particularly in light of plaintiff's obvious uncertainty about what actually happened at the time of the accident.

APPEAL by plaintiff from *Godwin, Judge* and *Smith (David I.), Judge.* Judgments entered 3 August 1978 and 12 September 1978 in Superior Court, WAKE County.

Plaintiff filed this action against the two defendants, properly joined under N.C. R. Civ. P. 20(a), on 14 February 1978. In her complaint she alleged that on 22 September 1977 she was riding as a passenger in her automobile, which was being operated at the time by defendant-Smith. She further alleged that the automobile in which she was riding collided with an automobile being operated at the time by defendant-Stallings. Plaintiff seeks compensation for physical injury and for damage done to her automobile.

The accident giving rise to plaintiff's claim occurred at approximately 11:00 p.m. on a rural paved road. The two automo-

biles were proceeding in opposite directions. Plaintiff's complaint alleges that as the two automobiles approached each other, defendant-Stallings' automobile crossed the center line and struck the automobile in which she was riding. This allegation is the basis of plaintiff's claim for negligence against defendant-Stallings. In a separate count of her complaint, plaintiff states a claim for negligence against defendant-Smith, the driver of her car, alleging that he failed to exercise proper caution, which, had he done so, would have enabled him to avoid the collision. After stating her claims against both defendants, plaintiff alleges that, "[s]olely by the reason of the negligence of *either or both* of the Defendants . . . the said automobiles collided with each other . . . and thereby caused Plaintiff bodily injuries and property damage. . . ."

Defendant-Smith answered, denying all allegations of negligence on his part and admitting all allegations of negligence on the part of defendant-Stallings. Defendant-Stallings answered, denying all allegations of her negligence and admitting the allegations with respect to defendant-Smith's negligence. She also filed a cross claim against defendant-Smith.

Defendant-Stallings made a motion for judgment on the pleadings or summary judgment on the ground that defendant-Smith's negligence is, as a matter of law, imputed to plaintiff, a passenger in and the owner of the automobile which defendant-Smith was operating at the time of the accident. Defendant-Stallings contended that her admission in her answer of the allegations in plaintiff's complaint of defendant-Smith's negligence established those allegations as a conclusive judicial admission by plaintiff of defendant-Smith's negligence. Smith's negligence imputed to plaintiff would bar her claim against defendant-Stallings. Accepting this contention, the Court granted summary judgment in favor of defendant-Stallings on 3 August 1978.

Defendant-Smith subsequently made a motion for summary judgment on the claim against him. At the hearing on his motion the court had before it the depositions of the plaintiff, defendant-Smith, defendant-Stallings, defendant-Stallings' daughter, and the highway patrolman who investigated the accident. Defendant-Smith contended that he was entitled to summary judgment on the ground that in her deposition plaintiff unequivocally

repudiated the allegations in her complaint with respect to his negligence, and under this Court's holding in *Cogdill v. Scates*, 290 N.C. 31, 224 S.E. 2d 604 (1976) she may not rely on other evidence to establish his negligence when her own testimony establishes the absence of such. The court accepted this contention and granted defendant-Smith's motion for summary judgment on 12 September 1978.

We granted plaintiff's petition for writ of certiorari on 5 February 1979 to review the entry of summary judgment in favor of defendant-Stallings after the same was denied by the Court of Appeals. On the same date we entered an order certifying for review, prior to determination by the Court of Appeals, plaintiff's timely appeal on the entry of summary judgment in favor of defendant-Smith.

*William A. Smith, Jr. for plaintiff-appellant.*

*Broughton, Wilkins, Ross & Crampton, by Robert B. Broughton and William S. Aldridge for defendant-appellee Stallings.*

*Johnson, Patterson, Dilthey & Clay, by Ronald C. Dilthey and Robert W. Kaylor for defendant-appellee Smith.*

BROCK, Justice.

I

DEFENDANT-STALLINGS' MOTION FOR SUMMARY JUDGMENT

[1] The issue posed by the grant of summary judgment in favor of defendant-Stallings is whether the allegation of negligence against one defendant in the complaint of a plaintiff who joins two defendants asserting claims of negligence against them *in the alternative*, when admitted by the second defendant in his answer, is a binding judicial admission entitling the second defendant to summary judgment when the negligence of the first defendant is, as a matter of law, imputed to the plaintiff? Our framing of the issue assumes that the negligence of the driver Smith in this instance would, as a matter of law, be imputed to the plaintiff-owner of the car. Smith's negligence, so imputed to plaintiff, would bar her claim against Stallings under the doctrine of contributory negligence. Because we answer the issue in the

negative it is not necessary that we decide whether his negligence, if indeed such existed, is imputed to the plaintiff.

With the minor exception of the absence of certain provisions relating to admiralty jurisdiction of the federal courts, N.C. R. Civ. P. 20 is a close counterpart of Fed. R. Civ. P. 20. N.C. R. Civ. P. 20 provides in part that "[a]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, *or in the alternative*, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all parties will arise in the action." (Emphasis added.) Joinder of two or more defendants by a plaintiff asserting claims against them in the alternative when the plaintiff is in doubt as to the persons from whom he is entitled to redress was formerly permissible under G.S. § 1-69, which was enacted in 1931 and repealed when the new rules of procedure became effective on 1 January 1970. *Conger v. Insurance Co.*, 260 N.C. 112, 131 S.E. 2d 889 (1963).

The purposes of the joinder provisions of Rule 20 are manifold. Focusing on the application of Rule 20 to this case, however, it is clear that one significant purpose of the Rule is to provide for joinder of defendants in the alternative. The need for such joinder most often arises when "the substance of plaintiff's claim indicates that he is entitled to relief from someone, but he does not know which of two or more defendants is liable under the circumstances set forth in the complaint." *7 Wright & Miller, Federal Practice and Procedure: Civil*, § 1654, p. 278. *Aetna Ins. Co. v. Carroll's Transfer, Inc.*, 14 N.C. App. 481, 188 S.E. 2d 612 (1972) citing *1 McIntosh, N.C. Practice & Procedure*, § 661.

Plaintiff-Woods' situation presents a classic example of the need for joinder of defendants in the alternative. She was injured as a result of a sudden an unanticipated collision between the car driven by Smith in which she was riding as a passenger and the car driven by defendant-Stallings. Because of the split-second nature of the accident, she is uncertain whether her injuries were caused by the negligence of Stallings or the negligence of Smith or the negligence of both. But it is clear from the allegations that the negligence of one of the two or both was the proximate cause of her injuries. The alternative joinder provisions of Rule 20 were

drafted for the express purpose of allowing a plaintiff who is faced with such uncertainty as to the cause of her injuries to present her alternative theories to a jury, which must then decide from the evidence whether liability exists and if so which of the two or more defendants joined is liable to the plaintiff. Provided there is evidence produced at trial to support all aspects of the complaint, a jury in this case could find that defendant-Stallings' negligence was the sole proximate cause of plaintiff's injuries. Alternatively a jury could find that defendant-Smith's negligence was the sole proximate cause of plaintiff's injuries. The jury might also find that both defendants were negligent. Such a finding might bar plaintiff's claim against defendant-Stallings, but it would at least entitle her to judgment against defendant-Smith.

Defendant-Stallings' contention that plaintiff's allegations of negligence are binding judicial admissions that entitle Stallings to summary judgment is simply not tenable. "A party is bound by his pleadings and, unless withdrawn, amended, or, otherwise altered, the allegations contained in all pleadings ordinarily are conclusive as against the pleader." *Davis v. Rigsby*, 261 N.C. 684, 136 S.E. 2d 33 (1964); *Credit Corp. v. Saunders*, 235 N.C. 369, 70 S.E. 2d 176 (1952); *2 Stansbury's N.C. Evidence*, § 177, p. 37 (Brandis Rev. 1973). It is clear, however, that application of this correct statement of the general rule to situations in which a plaintiff alleges claims *in the alternative* against two or more defendants could well defeat the salutary purposes of Rule 20's joinder provisions. Such misapplication of the rule is amply demonstrated by this case.

Inconsistent, alternative, and hypothetical forms of statements of claims, "are directed primarily to giving notice and lack the essential character of an admission. To allow them to operate as admissions would render their use ineffective and frustrate their underlying purpose. Hence the decisions with seeming unanimity deny them status as judicial admission, and generally disallow them as evidential admissions." *McCormick on Evidence*, § 265, p. 634 (2d ed. 1972). In *McCormick v. Kopmann*, 23 Ill. App. 2d 189, 203, 161 N.E. 2d 720, 729 (1959), the Illinois Appellate Court in considering the issue presented here correctly observed:

> "Alternative fact allegations made in good faith and
> based on genuine doubt are not admissions against interest

so as to be admissible in evidence against the pleader. The pleader states the facts in the alternative because he is uncertain as to the true facts. Therefore, he is not 'admitting' anything other than his uncertainty. An essential objective of alternative pleading is to relieve the pleader of the necessity and therefore the risk of making a binding choice, which is no more than to say that he is relieved of making an admission."

*Accord Van Sickell v. Margolis*, 109 N.J. Super. 14, 262 A. 2d 209 (1969); *Jenkins v. Simmons*, 472 S.W. 2d 417 (1971); *Johnson v. Flex-o-Lite Mfr. Corp.*, 314 S.W. 2d 75 (1958); *4 Wigmore on Evidence*, § 1064, p. 70 (Chadbourn Rev. 1972); 29 Am. Jur. 2d, Pleading, § 692.

Although we have not directly confronted this exact issue before, many of our decisions indicate that a plaintiff, who pleads claims in the alternative against two or more defendants when she is uncertain as to the true facts but believes she is entitled to recover from at least one of the defendants, is entitled to present evidence at trial to support both claims, and if she does, to submit both claims to the jury for a decision. *E.g., Conger v. Travellers Ins. Co.*, 260 N.C. 112, 131 S.E. 2d 889 (1963).

We agree with those jurisdictions which have expressly held that pleadings, when made in the alternative against two or more defendants do not possess the essential character of a judicial admission and may not, therefore, be used as such. For that reason, the grant of summary judgment in favor of defendant-Stallings is reversed.

## II

### DEFENDANT-SMITH'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's appeal from the grant of summary judgment in favor of defendant-Smith raises again the question to what extent and under what circumstances a party is bound by his own adverse testimony. We last faced this issue in *Cogdill v. Scates*, 290 N.C. 31, 224 S.E. 2d 604 (1976). Observing there that this is " 'one of the most troublesome questions in the law of evidence. . . ,' " we held that "[i]f at the close of the evidence a plaintiff's own testimony has unequivocally repudiated the material allegations of his complaint and his testimony has shown

no additional grounds for recovery against the defendant, the defendant's motion for a directed verdict should be allowed." *Id.* at 44, 224 S.E. 2d at 611. Defendant-Smith contends that plaintiff-Woods in her deposition unequivocally repudiated the allegations in her complaint with respect to his negligence. He would have us, on that basis, apply the holding in *Cogdill* and uphold the grant of summary judgment in his favor. Plaintiff-Woods contends firstly, that the holding in *Cogdill* should not apply at all to testimony given in a deposition, and secondly, that even if it does her deposition does not unequivocally repudiate the allegations of her complaint, and she should not be bound thereby.

In *Cogdill* we noted that "courts have taken three overlapping approaches to the question." After considering the three approaches as exposited in *McCormick, Handbook of the Law of Evidence*, § 266 (2d ed. 1972), we concluded that the facts in *Cogdill* did not require us to adopt any of them. Mrs. Cogdill testified to concrete facts, not matters of opinion, estimate, appearance, inference, or uncertain memory; her testimony was deliberate, unequivocal and repeated; her statements were diametrically opposed to the essential allegations of her complaint and destroyed the theory on which she brought her action; her attorney did not seek to elicit any remedial testimony from her; and she manifested an intent to be bound by repeating her testimony even after being warned of the consequences of perjury. It was on those unique factual circumstances that our holding in *Cogdill* was based.

Paragraph five of plaintiff's amended complaint reads as follows:

"The Defendant, Richard Lee Smith, was negligent and careless so far as Plaintiff in this action is concerned, in neglecting and failing to carry Plaintiff in a reasonably safe manner as a passenger in said automobile then owned by the Plaintiff in the following respects:

a. That he failed to keep a proper lookout for oncoming traffic and failed to keep his vehicle under proper control.

b. That he failed to turn the Plaintiff's automobile to avoid colliding with an automobile that crossed over in its lane of travel.

c. That he failed to reduce his speed to avoid colliding with a special hazard in his lane of travel, to wit, the Defendant Stallings' automobile.

d. That he drove his vehicle on the highway at a speed greater than reasonable and prudent under the conditions then existing in violation of North Carolina General Statute 20-141(a).

e. That he drove his vehicle on a public highway and failed to decrease his speed to avoid an accident in violation of North Carolina General Statute 20-141(m)."

Prior to the hearing on Smith's motion for summary judgment, plaintiff was deposed and gave her account of the accident. Portions of plaintiff's deposition testimony, much of which was given in response to questions based on an accident report she had filed over the telephone from the hospital to which she was admitted after the accident, are set out below:

"The way I saw it, Richard was then on his side of the road when he got hit. I didn't see Richard also pull it to the side of the road just before impact to try to avoid the accident; but I could understand, or the way I could see it, it was just that we were going down the road and it was just one of those things, just, I just saw a flash of light beside the driver's side over there and it was, then it was an accident. It happened so quickly I didn't have a long time to sit and watch it happening. The accident happened very suddenly . . . . I felt she hit us instead of her.

*        *        *

Richard was driving in a right hand lane of travel. I don't think he had any trouble controlling his car. I didn't see him doing anything about driving his car that I felt I needed to tell him to drive better. To my knowledge he appeared to be looking out where he was driving and he had control of the car. I'd say that he was driving between 40 and 50 miles per hour.

*        *        *

I can't say, for Richard, whether he had time to react. I guess I feel the other lady was at fault . . . . I wasn't driv-

ing so, therefore, I won't [sic] paying that much attention to the center line and all of that. We had been driving, to my thinking, he had been driving all right before the accident. So the way I see it he was still driving all right. I didn't say that I saw her come across the road; no, I didn't say that. I saw the other car coming but I didn't see the other car coming across to hit us. No, I didn't say that. I feel like Richard Lee was in his lane.

*    *    *

I didn't actually observe the swerving of the other car. I think I knew the location of my car on the highway. I think it was in the right lane . . . . I said the accident happened very quickly. I did not have time to react because it happened so quickly . . . . I don't think he [Richard Lee Smith] had time to turn the car and get out of the way and keep from being hit.

*    *    *

The only thing I am really sure about is that I just saw a flash of light. To me, Richard had been driving all right, and I had no reason to doubt that he wasn't driving right at that particular time of impact. I reckon that's the way you state it. I just felt like it was the other lady's fault."

[4] Reading plaintiff's deposition as a whole, it is manifestly clear that her testimony is distinguishable from the unequivocal repudiation of the allegations of the complaint that were present in *Cogdill*. Plaintiff-Woods' deposition testimony indicates her continuing *uncertainty* about the events that led up to the accident. Her conclusion that "[t]he only thing I am really sure about is that I just saw a flash of light" is reflected throughout the testimony in her deposition about the particulars of the accident.

Moreover, at the time of the hearing on Smith's motion for summary judgment, the court had before it the depositions of defendant-Stallings, of defendant-Stallings' daughter (who was riding as a passenger in her car), and of the state trooper who investigated the accident. Defendant-Stallings stated that the accident occurred when the car Smith was driving crossed over without warning into her lane of travel. And her daughter stated

that the car driven by Smith was approaching at a very high rate of speed just prior to the accident. She also stated that the accident was caused by Smith's act of crossing the center line. These depositions offer plenary evidence to support plaintiff's allegations of negligence against defendant Smith. Provided plaintiff is not barred from going to trial by her own testimony, this evidence could form the basis for a jury finding that Smith was negligent and is liable to plaintiff.

[2] Plaintiff's contention that statements in a deposition relied on to support a motion for summary judgment should be treated differently from testimony at trial is not tenable.[1] Should a party in her deposition repudiate the allegations of her complaint in an unequivocal manner as the plaintiff in *Cogdill* did in her testimony at trial, the court should grant a motion for summary judgment in the defendant's favor, since a directed verdict in defendant's favor would be called for at trial on the basis of the party's testimony.

Such is not the case in this appeal, however. The plaintiff's statements in her deposition are equivocal, uncertain, and inconsistent, and our narrow holding in *Cogdill* does not apply. We are, therefore, required to adopt one of the three approaches that other courts have taken to this issue. All three approaches were considered and fully discussed in Cogdill, *supra*.

[3] The first approach considered in *Cogdill* appears to be the preferable rule, and we accordingly adopt it and apply it to this case. That approach treats a party's adverse testimony "like the testimony of any other witness called by the party, that is, the party is free (as far as any rule of law is concerned) to elicit contradictory testimony from the witness himself or to call other witnesses to contradict him." *McCormick, supra,* § 266, p. 637. Under this approach a party's statements, given in a deposition or at trial of the case, are to be treated as evidential admissions

---

1. N.C. R. Civ. P. 30(c) requires that the person before whom the deposition is taken shall put the deponent on oath. Rule 30(e) requires that the transcript of the deposition be submitted to the deponent for examination. The deponent can then have the person before whom the deposition was taken enter any changes in form or substance upon the deposition along with a statement of the reasons for making them. Rule 30(c) also provides that examination and cross-examination of a deponent may proceed as permitted at the trial under the provisions of Rule 43(b). Rule 32(a)(3) also provides that "[t]he deposition of a party . . . may be used by an adverse party *for any purpose,* whether or not the deponent testifies at the trial or hearing." (Emphasis added.) And Rule 32(b) provides that "[s]ubject to the provisions of Rules 28(b) and subdivision (d)(3) of [Rule 32], objection may be made at the trial or hearing to receiving in evidence any deposition or any part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying."

rather than as judicial admissions. In *2 Stansbury's North Carolina Evidence*, § 166, pp. 1-4 (Brandis Rev. 1973), the distinction between the two types of admissions is set forth:

> "The first of these to be noted is the *judicial* or *solemn* admission, which is a formal concession made by a party (usually through counsel) in the course of litigation for the purpose of withdrawing a particular fact from the realm of dispute . . . . Such an admission is not evidence, but rather removes the admitted fact from the field of evidence by formally conceding its existence. It is binding in every sense.

> \* \* \*

> The other type of admission . . . is the *evidential* or *extrajudicial* admission. This consists of words or other conduct of a party, or of someone for whose conduct the party is in some manner deemed responsible, which is admissible in evidence against such party, but which may be rebutted, denied, or explained away and is in no sense conclusive."

For a discussion of this distinction as applied to the question raised in this appeal *see* 55 N.C. L. Rev. 1155 (1977).

Thus, when a party gives adverse testimony in a deposition or at trial, that testimony should not, in most instances, be conclusively binding on him to the extent that his opponent may obtain either summary judgment or a directed verdict. Two exceptions to this general rule should be noted, however. First, when a party gives unequivocal, adverse testimony under factual circumstances such as were present in *Cogdill*, his statements should be treated as binding judicial admissions rather than as evidential admissions. Second, when a party gives adverse testimony, *and there is insufficient evidence to the contrary presented to support the allegations of his complaint*, summary judgment or a directed verdict would in most instances be properly granted against him. *See Thompson v. Purcell Constr. Co.*, 160 N.C. 390, 76 S.E. 266 (1912); *Fulghum v. Atlantic Coast Line R.R. Co.*, 158 N.C. 555, 74 S.E. 584 (1912); *Wright v. Southern R.R. Co.*, 155 N.C. 325, 71 S.E. 306 (1911); *McCormick, supra*, § 266, p. 637.

[4] Neither of these exceptions is applicable in this instance. Plaintiff's deposition testimony was indeed substantially adverse

to her allegations of negligence against defendant-Smith. As noted *supra*, however, her adverse testimony is clearly distinguishable in degree from that present in *Cogdill*. Furthermore, there was before the court at the time of the hearing on Smith's motion, sufficient evidence for a jury to find that Smith was negligent, particularly in light of plaintiff's obvious uncertainty about what actually happened at the time of the accident.

Provided there is sufficient evidence presented at trial to support a jury verdict finding defendant-Smith liable, plaintiff is entitled to submit her claim against him to a jury. The grant of summary judgment in favor of defendant-Smith is, therefore, reversed.

Reversed as to both defendants.

Remanded to the Superior Court for trial.