BOOHER v. FRUE

[98 N.C. App. 585 (1990)]

---

RICHARD M. BOOHER AND NANCY ANN BROWN v. WILLIAM C. FRUE, RONALD K. PAYNE AND MICHAEL Y. SAUNDERS

No. 8928SC1042

(Filed 5 June 1990)

**Attorneys at Law § 57 (NCI4th) — fee splitting — summary judgment for defendant — improperly entered**

The trial court erred by entering summary judgment in favor of defendant Payne in an action arising from a fee-splitting agreement between North Carolina attorneys and a Texas attorney where there were statements which raised a genuine issue as to whether defendant Payne was working as an attorney for plaintiffs on the trip to Texas. Although defendant Payne argued that plaintiffs' depositions reveal a total disavowal of any confidential or fiduciary relationship between plaintiffs and defendant Payne and that plaintiffs are bound by their testimony, plaintiffs' testimony here was not on concrete facts but was in response to conclusory questions regarding legal issues.

**Am Jur 2d, Attorneys at Law §§ 244.8, 247, 302, 303.**

APPEAL by plaintiffs from judgment entered 5 October 1988 by *Judge Robert D. Lewis* in BUNCOMBE County Superior Court. Heard in the Court of Appeals 5 April 1990.

Plaintiffs appeal from the entry of summary judgment in favor of defendant Ronald K. Payne (Payne). This case and case number 8928SC1116 arose from the same series of transactions. In an earlier appeal in this case we reversed the trial court's dismissal of plaintiffs' action for failure to state a claim and remanded for trial. *See Booher v. Frue*, 86 N.C. App. 390, 358 S.E.2d 127 (1987), *aff'd*, 321 N.C. 590, 364 S.E.2d 141 (1988). This appeal is from a summary judgment order in favor of defendant Payne. In this case, plaintiffs sued defendant attorneys to recover money paid to them by a Texas lawyer under an attorney's fee referral arrangement allegedly entered into among the lawyers without plaintiffs' knowledge.

Plaintiffs' son was killed in an accident in Texas. Plaintiff Booher planned to fly to Texas to secure legal counsel to handle the claims arising from his son's death. William C. Frue (Frue), an Asheville attorney, agreed with Booher to accompany him to Texas and to assist in hiring Texas counsel. At Frue's invitation, Payne, another Asheville attorney, arrived with Frue at the Asheville airport on the morning Booher and Frue had arranged to leave for Texas. Booher mistakenly assumed Payne was Frue's partner. Booher, Frue, Payne and one of Booher's sons traveled together in a plane Booher had borrowed (Booher is a pilot) and initially conferred with the Houston firm of Hutcheson & Grundy (H&G) which handled the probate matters for plaintiffs' son's estate. H&G also arranged for Booher, Frue and Payne to meet with Houston attorney Michael K. Saunders (Saunders) regarding all other claims arising from the son's death. Frue and Payne negotiated a fee arrangement between Booher and Saunders whereby Saunders was to receive ⅓ of any recovery on the life insurance and wrongful death claims and ¼ of any recovery for the workers' compensation claim. Frue and Payne, allegedly unknown to plaintiffs, negotiated a referral fee with Saunders whereby they would receive ⅓ of Saunders' total fees.

Plaintiffs brought this action to recover the referral fees paid to Frue and Payne, alleging that defendants' agreement with Saunders was in breach of their fiduciary duty to plaintiffs. Saunders was made a party defendant under Rule 19(a) of the North Carolina Rules of Civil Procedure. The trial court granted Payne's motion

for summary judgment. (The case against Frue went to the jury which returned a verdict in plaintiffs' favor. Defendant Frue's appeal from that judgment is case number 8928SC1116.) Plaintiffs appeal the entry of summary judgment in favor of Payne.

*Kennedy Covington Lobdell & Hickman, by James E. Walker and Alice Carmichael Richey, for plaintiff-appellants.*

*Ronald W. Howell for defendant-appellee.*

EAGLES, Judge.

The sole question here is whether the court erred in granting defendant Payne's motion for summary judgment. Under G.S. 1A-1, Rule 56(c), defendant is entitled to summary judgment if the record shows "that there is no genuine issue as to any material fact and that [defendant] is entitled to a judgment as a matter of law." "In ruling on a motion for summary judgment the evidence is viewed in the light most favorable to the non-moving party." *Hinson v. Hinson,* 80 N.C. App. 561, 563, 343 S.E.2d 266, 268 (1986). After careful review of the record we reverse the entry of summary judgment in favor of Payne and remand for trial.

The relationship between attorney and client is a fiduciary relationship. The existence of a fiduciary relationship and its breach are the bases for plaintiffs' claims of constructive fraud (recovery of actual damages) and constructive trust (recovery for unjust enrichment or restitution). The question here is whether there is a genuine issue of fact regarding the existence of an attorney-client relationship between plaintiffs and Payne at the time the referral fee arrangement was made. Defendant Payne contends there is no attorney-client relationship with Booher or Brown and points to plaintiffs' depositions for support.

"[T]he relation of attorney and client may be implied from the conduct of the parties, and is not dependent on the payment of a fee, nor upon the execution of a formal contract. . . . The dispositive question . . . [is] whether defendant[ ] [attorney's] conduct was such that an attorney-client relationship could reasonably be inferred." *North Carolina State Bar v. Sheffield,* 73 N.C. App. 349, 358, 326 S.E.2d 320, 325, *cert. denied,* 314 N.C. 117, 332 S.E.2d 482 (1985) (citations omitted). Payne argues that the plaintiffs' depositions reveal a total disavowal of any confidential or fiduciary relationship between plaintiffs and Payne and that plaintiffs are bound

by their testimony. *See Woods v. Smith*, 297 N.C. 363, 255 S.E.2d 174 (1979); *Cogdill v. Scates*, 290 N.C. 31, 224 S.E.2d 604 (1976). Payne's reliance on the cited cases is misplaced.

In *Woods*, the Supreme Court stated that "a party's statements, given in a deposition or at trial of the case, are to be treated as evidential admissions rather than as judicial admissions." *Woods*, 297 N.C. at 373-74, 255 S.E.2d at 181. The Court went on to state that

> when a party gives adverse testimony in a deposition or at trial, that testimony should not, in most instances, be conclusively binding on him to the extent that his opponent may obtain either summary judgment or a directed verdict. Two exceptions to this general rule should be noted, however. First, when a party gives unequivocal, adverse testimony under factual circumstances such as were present in *Cogdill*, his statements should be treated as binding judicial admissions rather than as evidential admissions. Second, when a party gives adverse testimony, *and there is insufficient evidence to the contrary presented to support the allegations of his complaint*, summary judgment or a directed verdict would in most instances be properly granted against him.

*Id.* at 374, 255 S.E.2d at 181 (emphasis in original). On the record before us, because neither of the two exceptions apply, we conclude that summary judgment in favor of Payne was improperly entered.

First, the testimony here is unlike that in *Cogdill*. In *Cogdill* the plaintiff brought suit against her husband and a third party, alleging that defendants were concurrently negligent in their operation of motor vehicles. Plaintiff alleged that her husband failed to keep a proper lookout, drove at excessive speed, suddenly made a left turn across a highway without signaling and that he drove while under the influence of alcohol. At trial plaintiff testified that at the time of the collision her husband's car was in the correct lane, that he was waiting to turn left and that he had signaled his intention to turn left. Plaintiff also recanted her allegations about failing to keep a proper lookout, driving while intoxicated and driving at an excessive speed. The Supreme Court stated that plaintiff's testimony on "concrete facts" was "deliberate, unequivocal and repeated." *Cogdill*, 290 N.C. at 43, 224 S.E.2d at 611. When "a plaintiff's own testimony has equivocally repudiated the material allegations of his complaint," the trial court should grant defendant's motion for directed verdict. *Id.* at 44, 224 S.E.2d at 611.

**BOOHER v. FRUE**

[98 N.C. App. 585 (1990)]

Unlike the testimony in *Cogdill*, plaintiffs' testimony here was not on "concrete facts" but was in response to conclusory questions regarding legal issues. Although plaintiff Brown stated that she had "never been told anything about Mr. Payne's role" and thought that Frue was just a friend of Booher's, Frue's deposition reveals that he was aware of Ms. Brown's interest and her reliance on Booher to protect their concurrent interests in their son's estate.

Second, there is sufficient evidence, contrary to plaintiffs' depositions, to support the plaintiffs' allegations. The depositions of Frue and Payne tend to show that they traveled to Texas with Booher to help him retain Texas legal counsel and that they had done some work on the case prior to leaving Asheville. Additionally, Booher's deposition contains statements regarding his expectations arising from the defendants' activities while in Texas. Booher testified that he thought Frue and Payne were negotiating with Saunders for the lowest possible fee for him and that he had no knowledge of the arrangement to split the fee between the attorneys. These statements raise a genuine issue whether Payne was working as an attorney for plaintiffs on the trip to Texas.

For the reasons stated, the entry of summary judgment in favor of Payne is reversed and the cause is remanded for trial.

Reversed and remanded.

Judges WELLS and GREENE concur.