**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1888**

ECLIPSE PACKAGING, INC., d/b/a FlexSol Packaging,

Plaintiff – Appellee,

v.

STEWARTS OF AMERICA, INC.,

Defendant – Appellant,

and

INDUSTRIAL BRUSH CO., INC.,

Defendant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, Senior District Judge. (5:14-cv-00195-RLV-DCK)

Submitted: January 18, 2018                    Decided: April 10, 2018

Before GREGORY, Chief Judge, and KING and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lawrence Joseph Goldman, JONES, HEWSON & WOOLARD, Charlotte, North Carolina, for Appellant. Andrew L. Fitzgerald, D. Stuart Punger, FITZGERALD LITIGATION, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eclipse Packaging, Inc., purchased a machine part from Stewarts of America, Inc. When the part failed and contaminated products manufactured by Eclipse, Eclipse sued Stewarts for breach of express and implied warranty. A jury found in favor of Eclipse on both theories, and the court entered judgment for Eclipse in the amount of $358,184.

On appeal, Stewarts challenges the verdict against it on both the express and implied warranty claims. Finding no reversible error or defect in the jury's verdict, we affirm.

## I.

Eclipse, a North Carolina company, is a plastics manufacturer, and uses a roller "brush" with heated bristles to perforate plastic sheets. Stewarts, located in South Carolina, persuaded Eclipse to replace the nylon brush it had been using with a natural fiber one. When the natural brush's fibers began contaminating Eclipse's plastic products, Eclipse sued Stewarts in federal court, invoking that court's diversity jurisdiction. *See* 28 U.S.C. § 1332. Eclipse alleged that under North Carolina law, Stewarts breached its express warranty that the natural brush would be heat resistant and superior to the nylon one, as well as implied warranties of merchantability and fitness for a particular use.

The district court's scheduling order required the parties to submit proposed jury instructions no later than one week before trial, and provided that additional proposed instructions could be submitted during the trial as circumstances might require. Eclipse

3

timely submitted a set of proposed jury instructions that did not include the express warranty claim alleged in its complaint. Four days later, however, and approximately four days before trial was set to begin, Eclipse filed amended proposed jury instructions that did include the express warranty claim, along with a "motion to revive" that claim. The district court construed Eclipse's filing as a motion for leave to amend the pleadings under Rule 15 of the Federal Rules of Civil Procedure, and granted it over Stewarts's objection. All of the claims were submitted to the jury, which found Stewarts liable on each count and awarded damages to Eclipse.

## II.

We begin with Stewarts's challenge to the verdict against it on the express warranty claim. Stewarts's threshold argument is that the express warranty claim never should have been presented to the jury at all: Eclipse did not include that claim in its original proposed jury instructions, and, according to Stewarts, the district court erred in granting Eclipse leave to file amended instructions. Specifically, Stewarts contends that the district court improperly evaluated Eclipse's "motion to revive" under Rule 15's generous standard, allowing for amendment as a "matter of course," rather than the stricter "good cause" standard applicable to untimely motions to amend under Rule 16 of the Federal Rules of Civil Procedure. And because Eclipse cannot show the requisite good cause under Rule 16, Stewarts finishes, we must vacate the jury's verdict and remand for a new trial.

4

We have our doubts about this line of argument. Jury instructions and verdict forms are not "pleadings" within the meaning of the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 7(a), and so long as Eclipse's complaint included an express warranty claim – which it did – there was no need to "amend" under either Rule 15 *or* Rule 16 in order to submit conforming instructions to the jury. Rather, decisions about jury instructions and their content are within the discretion of the district court. *United States v. Russell*, 971 F.2d 1098, 1107 (4th Cir. 1992). And it is hard to see how the district court could have abused its discretion by allowing Eclipse to submit its amended jury instructions a few days before trial when its own scheduling order specifically contemplated additional proposed instructions even after the start of trial, and when Stewarts was on notice of the express warranty claim against it from the start of litigation and for all but a four-day period before trial.

But whatever its merits, this is an argument that Stewarts failed to raise before the district court, despite its opportunity to do so when Eclipse moved to amend its jury instructions. We generally will not consider issues raised for the first time on appeal, and we see no overriding justification for departing from that practice here. Because Stewarts has waived its argument that the district court erred by applying Rule 15 to Eclipse's motion to amend its jury instructions, we will not overturn the jury's verdict on that basis. *See Bressler v. Wilmington Tr. Co.*, 855 F.3d 178, 201 n.23 (4th Cir. 2017).

Stewarts also argues that there was insufficient evidence to support the jury's verdict against it on the express warranty theory, and that the district court therefore erred in denying its motion for judgment as a matter of law on that claim. We review the

denial of Stewarts's motion de novo, considering the evidence in the light most favorable to Eclipse, *see id.* at 196, and find no error in the district court's decision.

The thrust of Stewarts's argument on this point is that the employee designated by Eclipse to provide testimony on the company's behalf, *see* Fed. R. Civ. P. 30(b)(6), made a binding admission in his deposition that there was no express warranty, and that Eclipse otherwise failed to present evidence at trial to repudiate or contradict that statement. But it is not clear from the record that Eclipse's Rule 30(b)(6) witness made any such admission. Responding to the question "[d]id Stewarts provide [Eclipse] with any warranty that you're aware of," the witness said, "[n]ot that I'm aware of." J.A. 101. This is a far cry from "repudiat[ing] the allegations of [the] complaint in an unequivocal manner," as Stewarts would have it. Appellant's Br. at 12 (quoting *Woods v. Smith*, 255 S.E.2d 174, 180–81 (N.C. 1979)). And even assuming the witness did make an unqualified admission, there is no rule in this circuit that a witness "is bound by his initial deposition testimony." *Cf. Lewis v. Boucher*, 35 F. App'x 64, 68 (4th Cir. 2002). Rather, it is for the jury to decide whether a witness's trial testimony is credible in light of deposition testimony that may be inconsistent. *See Pastrano v. United States*, 127 F.2d 43, 46 (4th Cir. 1942) (holding that trial judge correctly instructed the jury to take allegedly inconsistent testimony "into consideration and that it should be scrutinized with care"); *see also R&B Appliance Parts, Inc. v. Amana Co., L.P.*, 258 F.3d 783, 786 (8th Cir. 2001) ("A witness is free to testify differently from the way he or she testified in a deposition, albeit at the risk of having his or her credibility impeached by introduction of the deposition.").

Here, despite Eclipse's pre-trial testimony, there was sufficient evidence presented at trial for the jury to find that Stewarts breached its express warranty. In North Carolina, a seller like Stewarts creates an express warranty when it presents a buyer like Eclipse an affirmation of fact, a promise, or a description related to goods, and the affirmation, promise, or description "becomes part of the basis of the bargain." N.C. Gen. Stat. § 25-2-313(1). "[A] seller is bound by an express warranty when, and only when, it is made to induce a sale and does induce such sale." *Hollenbeck v. Ramset Fasteners, Inc.*, 148 S.E.2d 287, 289 (N.C. 1966). Eclipse presented testimony that it had hired Stewarts specifically because no one at Eclipse was knowledgeable about brushes. And Eclipse introduced evidence showing that Stewarts represented to Eclipse, before the purchase was made, that the natural brush was "[h]eat resistant" and "for hot perforating." J.A. 110–12. Eclipse also presented testimony that Stewarts indicated the natural brush was "field proven and . . . standard." J.A. 113–15. And the jury heard testimony from an expert that the natural brush failed in part because it could not in fact withstand the heat required by Eclipse's machinery. Viewed in the light most favorable to Eclipse, this evidence is sufficient to support the jury's verdict that Stewarts expressly warranted to Eclipse that the natural brush could withstand the heat required to function in Eclipse's plastic perforating machine, that Eclipse was induced to make the purchase based on Stewarts's representations, and that Eclipse was damaged when the brush failed to perform as warranted.

Stewarts separately challenges the jury verdict on the implied warranty claims against it, arguing that the district court improperly charged the jury on an affirmative

7

defense that would have precluded any recovery. But we need not reach that issue. Eclipse's express warranty and implied warranty claims are alternative theories for recovery of the same damages; so long as there is a valid verdict as to one, Eclipse is entitled to the $358,184 awarded by the district court regardless of the fate of the other. *See Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 79 (4th Cir. 2018); J.A. 135–36. And as explained above, we find no error in the verdict against Stewarts on the express warranty claim. That is enough to sustain the judgment here, and we need go no further to decide this appeal. *See Campbell*, 882 F.3d at 79.

*AFFIRMED*