HENRY THIES, Respondent-Appellant, v. REICH BROS. LONG ISLAND MOTOR FREIGHT, INC., and ANDREW SPISAK, Respondents, and FREDERICK BEERS, Appellant.— In this negligence action, arising out of a collision between two automobiles, the plaintiff, a passenger in one of the machines, sued his driver as well as the driver and owner of the other car. At the close of the plaintiff's case, defendant Beers, the owner and operator of the car in which the plaintiff was a passenger, rested and moved for a dismissal of the complaint on the ground that the plaintiff had failed to prove negligence on the part of that defendant. We do not find in the plaintiff's case any evidence of negligence on the part of Beers, and the motion should have been granted. The finding of the jury in favor of defendants Reich Bros. Long Island Motor Freight, Inc., and Spisak was fully supported by the evidence. On appeal by plaintiff, judgment rendered on the verdict of a jury in favor of defendants Reich Bros. Long Island Motor Freight, Inc., and Andrew Spisak, dismissing the plaintiff's complaint as to them, unanimously affirmed, with costs. Present — Young, Hagarty, Davis, Johnston and Adel, JJ. On appeal by defendant Beers, judgment in favor of the plaintiff against that defendant, in the same action, reversed on the law, with costs, and the complaint dismissed, with costs. Hagarty, Johnston and Adel, JJ., concur; Davis, J., with whom Young, J., concurs, votes for reversal and a new trial, with the following memorandum: I think there was evidence to make a bare question of fact as to negligence of defendant Beers when the plaintiff and defendant Beers rested. It consisted not of the testimony of plaintiff alone, but of the testimony of police officers who reached the scene shortly after the accident, and who told of the position of the two motor vehicles in the highway; and also of photographs showing the tracks made by the Beers car, indicating that at the time of the accident it was not on its proper side of the highway. After defendant Beers rested and had withdrawn from the case, evidence clearly establishing the negligence of Beers was produced by the other defendants. Therefore, we know now

that the accident was evidently due to the latter's negligence, although that evidence could not be considered by the jury against him, because of the course the trial was permitted to take through the exercise of discretion by the trial justice. It is not claimed that the plaintiff was negligent. Assuming that the evidence as limited against Beers is insufficient to sustain the verdict against him, we are now informed that it is possible to produce sufficient evidence on a new trial to fix liability on him if a new trial be granted. The plaintiff should not be left remediless; and the interests of justice require that a new trial be granted. (*Heller* v. *Cohen*, 154 N. Y. 299; *Howells* v. *Hettrick*, 160 id. 308; *Madison County Trust & Deposit Co.* v. *Smith*, 259 id. 348, 352; Civ. Prac. Act, § 584.)