**Helen JACOBS, Plaintiff,**

v.

**Frank MUNEZ and Irving Warren, Defendants.**

United States District Court
S. D. New York.
Nov. 26, 1957.

Archie H. Brin, New York City, for plaintiff, Albert A. Klein, New York City, of counsel.

William S. O'Connor, New York City, for defendant Irving Warren, Gerard J. McGowan, New York City, of counsel.

Jerome Heffer, New York City, for defendant Frank Munez, Edward Arkin, New York City, of counsel.

SUGARMAN, District Judge.

On March 18, 1956, Rene Jacobs borrowed an automobile from Irving Warren

for the purpose of attending a reception at the Plaza Hotel in New York City.

Rene Jacobs, accompanied by his wife, Helen Jacobs, proceeded in Warren's car from their residence in Westport, Connecticut, to New York. It had been snowing previously and again during their drive from Connecticut to New York. When they had partly descended the 57th Street ramp connecting the West Side Highway and Twelfth Avenue, New York City, the Warren car was involved in a collision with one owned and operated by Frank Munez. Mrs. Jacobs was injured.

On August 16, 1956 Mrs. Jacobs commenced suit in this court against Irving Warren and Frank Munez. The cause came to trial. Rene Jacobs was the first witness. He testified in substance that when he approached the top of the 57th Street ramp, proceeding southerly, because of the snow and slush he slowed the Warren car to approximately ten miles an hour and when he reached a point half way down the ramp he was proceeding well on the right side of his lane at approximately five to eight miles an hour. That at that time the Munez car proceeded up the northbound lane of the ramp and skidded over into the southbound lane and there struck the Warren car.

The plaintiff, Helen Jacobs, was the next witness. On direct examination, cross examination and in answer to questions addressed to her by the court, she in substance reiterated her husband's testimony as to the manner in which he operated the Warren car immediately before and at the time of the accident. Her testimony was positive and unequivocal. The plaintiff, Helen Jacobs, then sought to call the defendant, Frank Munez, as her witness. Counsel for the defendant Warren objected upon the ground that, as had appeared from an earlier deposition of the defendant Munez, he would testify that he had never left the northbound lane and that the Warren car operated by Mr. Jacobs had come over into his lane and struck his car. When the court interrogated plaintiff's counsel as to the proof which he hoped to elicit from the defendant Munez, plaintiff's counsel in the absence of the jury made an offer of proof substantially in accord with what Munez had testified at his pretrial deposition. The court sustained the objection of Warren's counsel upon the following grounds:

"The determination of defendant Warren's objection to plaintiff proving that Warren was negligent, through the testimony of defendant Munez, can best be determined by considering Thies v. Reich Bros. Long Island Motor Freight, Inc., et al. [273 N.Y. 552, 7 N.E.2d 688], a New York decision.

"Early on the morning of May 1, 1934 Thies was riding in an automobile driven by Beers westerly on Merrick Road in Nassau County. Near Clocks Boulevard, Beers' car collided head-on with the truck of Reich Bros. Long Island Motor Freight, Inc., driven by Spisak.

"Thies sued Beers, Reich and Spisak. At the trial, during plaintiff's case, Thies testified that the night was very foggy; that, as he and Beers proceeded, Thies kept looking at the road ahead; that Beers at all times kept on the right-hand side of the road; that just before the accident they were going about fifteen miles an hour; that he suddenly saw lights from the truck right in front of them about eleven feet away.

"At the close of plaintiff's case Beers rested and moved for a dismissal of Thies' complaint as to him on the ground that Thies had failed to prove Beers' negligence. The motion was denied and after defendants Reich and Spisak put in their proof, the jury brought in a verdict in favor of Reich and Spisak and in favor of Thies against Beers.

"The Second Department Appellate Division (247 App.Div. 900, 286 N.Y.S. 943) by a three to two decision, on appeal by Beers from the judgment against him and on appeal

by Thies from the judgment dismissing his complaint against Reich and Spisak, reversed the former and dismissed Thies' complaint against Beers and affirmed the latter, namely the dismissal of Thies' complaint against Reich and Spisak.

"As to the dismissal of Thies' complaint against Reich and Spisak it found that the verdict was fully supported by the evidence.

"As to the reversal of Thies' judgment against Beers it held that Beers' motion at the end of plaintiff's case for a dismissal of his complaint should have been granted because it did not find in plaintiff's case any evidence of negligence on the part of Beers. The dissent was predicated upon the rationale that plaintiff should not be left remediless and that justice required that a new trial be granted.

"The Court of Appeals (273 N.Y. 552, 7 N.E.2d 688) unanimously affirmed, six judges participating.

"The present posture of the case at bar is almost identical with the Thies case when the plaintiff there rested.

"However in the case at bar plaintiff seeks to elicit from defendant Munez, the driver of the car which collided with that belonging to defendant Warren (which was driven by plaintiff's husband and in which plaintiff was a passenger) proof of plaintiff's husband's negligence in the operation of Warren's car. This, although both plaintiff and her husband have testified that Warren's car was, at all times before and at the collision, on the right side of the ramp and proceeding cautiously at from 5 to 10 miles per hour. May she do so? I think not.

"In 169 A.L.R. 798 the matter is discussed under the annotation 'Binding effect of party's own unfavorable testimony.' It is there pointed out at page 800 that the rule is that

" 'If a party testifies deliberately to a concrete fact, not as a matter of opinion, estimate, appearance, inference, or uncertain memory, but as a considered circumstance of the case, his adversary is entitled to hold him to it as an informal judicial admission. The court may permit him to withdraw it upon reasonable explanation of it as due to a mistake, or may allow him to have the benefit of other evidence explaining it as a mistake; but otherwise he cannot have the benefit of other evidence tending to falsify it.

" 'Where a plaintiff, in laying out his main case, testifies deliberately to a specific pivotal fact within his knowledge, which shows as matter of law that he cannot recover, the judge may end the trial and rule for the defendant, as though the statement had been made by the plaintiff's counsel in his opening.'

"The rule is further stated at page 801 to be that

" 'The principle which requires a judge to hold a party bound by the deliberate concession of a main fact, equivalent to an admission of counsel for purposes of trial, will warrant his exclusion of evidence in contradiction of the concession, if objected to by the opposing counsel.'

"And the rule is further stated at page 802 to be that

" 'Even if the case be fully tried, the same general principle requires the judge, at the request of opposing counsel, to instruct the jury that the fact must be taken to be true, or to direct a verdict accordingly, notwithstanding the presence of other evidence tending to contradict the admission.'

"The rule is recognized even in those cases such as Kanopka v. Kanopka, 1931, 113 Conn. 30, 154 A. 144, 80 A.L.R. 619 and Smith

v. Siercks, No. 1955, 277 S.W.2d 521, where it was not applied because ·of mistake or because the testimony ·was merely an estimate or opinion ·not tantamount to a judicial admis-·sion.

■ "The exceptions do not apply ·to the testimony of plaintiff, Mrs. ·Jacobs, in the case at bar. Her testimony and that of her husband was ·positive and unequivocal that Warren's car was at all times in the proper lane and proceeding cautiously. Having, in my view, judicially admitted no liability imputable to Warren, she cannot by the testimony of Munez or otherwise contradict or impeach herself. There is no suggestion that Mrs. Jacobs in giving her testimony as to the Warren car driven by her husband, was mistaken or that it was an estimate or an opinion. It was positive not only on direct but on cross and on interrogation by the court.

"The objection by Warren to the plaintiff's offer of proof by defendant Munez is sustained."

The plaintiff then rested. The defendant Warren moved for a dismissal ·of the complaint as to him and his motion was granted. The case then proceeded solely against the defendant Munez. The jury ultimately reported a hopeless deadlock and it was discharged. A mistrial was declared and the case was sent back to the Calendar Commissioner for assignment for retrial.

The plaintiff now moves for an order "vacating the dismissal of the plaintiff's cause of action against the defendant Irving Warren and directing that upon the retrial of this action the said action shall be tried de novo as if no order of dismissal had been made during the previous trial herein * * *" The defendant Munez joins in the application; the defendant Warren opposes it.

■■ As was held in Boaz v. Mutual Life Insurance Co., D.C.E.D.Mo.1943, 53 F.Supp. 97, affirmed 8 Cir., 1944, 146 F.2d 321, the dismissal of Mrs. Jacobs' complaint against the defendant, Irving Warren, was with prejudice, 41(b) Fed. R.Civ.P., 28 U.S.C.A.

Accordingly, the motion is denied.