Thomas C. Chimera, J.
The jury found against both defendants, operators of motor vehicles colliding in the intersection of Second Avenue' and 58th Street in New York City, and in favor of all eight plaintiffs.
Five plaintiffs were injured females, innocent passengers in one of the offending vehicles. Two are husbands derivatively suing for medical expenses, loss of services and consortium of their respective plaintiff wives. The last is a father also derivatively suing for medical expenses and loss of services of his plaintiff daughter.
It now becomes my task to complete unfinished business and to deal with a new problem triggered by the verdict itself.
The first problem involves an intriguing question of law— whether the doctrine of “ informal judicial admission ” invoked in other jurisdictions (see Jacobs v. Munez, 157 F. Supp. 120 and authorities therein cited) is recognized by the courts of our 'State and in any way applicable here.
In this context, the doctrine of “ informal judicial admission ” is best summed up’ by saying as has already been said (Jacobs, supra), that a plaihtiff who testifies on specific, concrete, pivotal facts within his knowledge — not as a matter of opinion, estimate, appearance, inference or uncertain memory, but as a considered circumstance of his individual case against a defendant, exculpating the latter of any suggestion of negligence, as a matter of law may not avail himself of other testimony in the case, imputing negligence to such defendant whether introduced by way of prima facie case or otherwise, and may not cast such defendant in damages.
Invoking this doctrine, defendant Costa moved at the end of plaintiffs’ prima facie case, at the end of the entire case and several times in between, for a dismissal of each plaintiff’s complaint whether directly or derivatively pleading.
*753 On each such motion decision was reserved and counsel were directed to go to the jury as if no such issue were raised.
My careful examination of the minutes of this trial discloses that the only person in this case who appears to possess the individuating notes falling within the ambit of this doctrine is the plaintiff Yolanda Battaglia and by extension, her husband Frank Battaglia. (Italics mine.)
Assuming for the moment that the doctrine in question is the law of their case against defendant Costa, how Costa can place all the other plaintiffs under the same interdict is difficult to follow since their causes of action are individual and the occasion of their joining together in one complaint is the mere expedient of a joint trial which our practice almost invariably favors.
Considering then, defendant Costa’s motion only in relation to the causes of action in favor of plaintiffs Yolanda and Frank Battaglia, we return to the authorities above cited and to our own court’s decisions in Thies v. Reich Bros. Long Is. Motor Freight (273 N. Y. 552, affg. 247 App. Div. 900) cited infra Jacobs (supra), for, on an analysis of those authorities this court’s conclusion must necessarily depend.
Thies (supra) does not appear to have come to grips with this doctrine. For that matter, Thies is not even in point! That case involved a single passenger plaintiff and the decision, so far as we are concerned, turned on the question whether the trial court should have granted a motion to dismiss made by one defendant who rested after plaintiff’s prima facie ease disclosed no evidence of negligence on the part of the movant and who withdrew from the case after the motion was denied.
The instant case involves multiple-party plaintiffs and the prima facie cases of each and every plaintiff includes testimony of both drivers raising a good question of fact as to the culpability in negligence of defendant movant, whose very own demeanor and testimony, standing alone, was sufficient to require that all claims be submitted to the jury.
In the instant case, the moving defendant neither rested nor withdrew from the case.
No authority in our State courts has been called to my attention and I have found none upon which I could build the conclusion that this doctrine of “ informal judicial admission ” has ever been applied in cases involving a single-party plaintiff, let alone a case involving multiple-party plaintiff innocent passengers suing the operators of all colliding vehicles.
I think I am safe in saying that in our jurisdiction courts have become increasingly concerned with the wisdom and necessity *754 of keeping “ alive ” down to the very end of the trial, the case of an innocent passenger or pedestrian, victim of a motor vehicle accident involving more than one vehicle.
The suggestion jin Thies (supra) that evidence later creeping into that case, raising the question of a defendant’s negligence may not be accepted to bolster the otherwise barren prima facie case of an innocent victim of that accident so as to empower the trial court to submit the issue to the jury, does not do violence to the conclusion last reached because of at least two significant differences between ours and the Thies case. To repeat — in Thies' the movant defendant rested and withdrew from the case and {the prima facie case there was barren of any suggestion of negligence on his part.
Happily, it will1 not be necessary for me to say whether this doctrine of “informal judicial admission” must be applied in our State courts because, even if it be so, I doubt that it will ever be invoked in a case such as ours is where there are several plaintiffs, only one of whom would be thereby nonsuited although all of them are equally innocent victims of the same accident.
The effect of a ruling on the pivotal facts of a single accident resulting in recovery by some and its denial to others, of several innocent party plaintiffs similarly situated, would strip the law of its dignity and open the door to a variety of doubtful tactics, prominent among them the tactic of sealing the mouths of all plaintiffs thus impeding the quest for truth which in the final analysis, a trial must always remain.
And the effect of applying this doctrine to cases involving a single innocent passenger plaintiff and denying its application to single cases involving more than one plaintiff similarly situated, would do violence to the indispensable evenhandedness of the law and cluttejr our Trial Calendars with a multiplicity of separate single-plaintiff lawsuits with consequent onerous burdens to courts, litigants, witnesses and jury systems.
No one will quarrel with the logic supporting the conclusion generally, that those who unequivocally set the facts of their own cases should be held to them. But there are at least two other compelling reasons why this doctrine of “ informal judicial admission” should not be applied to the testimony of innocent passengers in motor vehicles involved in collisions at intersections of busy city streets.
1. Surprised by a sudden and unexpected accident, persons in a motor vehicle who have no control over the instrumentalities involved are usually not in a position to give conclusive testimony on “split-second” events and they should not be compelled to make a perilous choice between two or more possible *755 culprits. Nor should they be encouraged to withhold their impressions if the quest for truth must be efficiently pursued.
2. Sound tactics require in such cases that all persons controlling the agencies of such collisions be joined as party defendants lest a nonjoinder result in what might well be a complete denial of redress to an injured, innocent party plaintiff who would otherwise be entitled to recover.
For the reasons thus far advanced, defendant Costa’s motions made prior to jury verdict and repeated afterwards, on which this court reserved decision, are denied in all respects.
We come now to the second but no less intriguing problem.
The unanimous jury verdict was ‘ ‘ in favor of all plaintiffs and against both defendants ’ ’. Each but two plaintiffs was awarded a specific sum of money. Plaintiffs William and Frank Battaglia were specifically awarded “ nothing ”. The evidence discloses that these two plaintiffs were and are the husbands respectively, of plaintiffs Providence and Yolanda Battaglia who number among the successful plaintiffs awarded specific sums by the jury. On the evidence in the case and upon the success of their wives, to be consistent, the jury should have made some specific award in their favor.

Plaintiffs’ counsel makes no motion and declares no intention of making my.

Defendants’ counsel on the other hand make the usual motions to set aside the verdict in its entirety as to all plaintiffs, covering all traditional and statutory grounds including excessiveness, inconsistency and confusion.
In the light of the hospital bill exhibits which except for plaintiffs’ Exhibit 8, appear to be charged to the wives in their own names, the paucity of evidence on the question of loss of services and consortium, the belated additional charge by the court relating to the stipulations made on the record in lieu of the testimony of plaintiffs William Battaglia and Frank Battaglia, and particularly because of the confessedly narrow charge by the court in those particulars, which failed adequately to instruct the jury as to the rights and liabilities of husbands, if there was any confusion in the minds of the jury, in the opinion of this court, such confusion could be charged only to the awards affecting plaintiffs Providence, William, Yolanda and Frank Battaglia. There is enough in the record to justify all other conclusions of the jury.
Any argument that the jury awards made in favor of plaintiffs Providence and Yolanda Battaglia, apparently include amounts properly allocable exclusively to the claims of their respective husbands and therefore should not be permitted to stand, is *756 overbalanced by the facts that plaintiffs William and Frank Battaglia stand máte; that the awards to plaintiffs Providence and Yolanda Battaglia are not over generous under the circumstances and that substantial justice has been done. All motions made after jury verdict are therefore denied in all respects.