■ CATHERINE G. SERRA, Respondent-Appellant, v. HELEN BONOFIGLIO et al., Respondents, and CHARLES MACHATA, Appellant. JOHN J. GOTTI et al., Respondents, v. CATHERINE SERRA et al., Appellants. FRANK BONOFIGLIO, Appellant, v. CATHERINE SERRA et al., Respondents.— The various limited appeals from a judgment of the Supreme Court, Westchester County, dated January 4, 1966, are disposed of as follows: (1) So much of the judgment as is in favor of Serra as plaintiff against Machata as defendant reversed, on the law and the facts, and, as between said parties, action severed and new trial granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, Serra shall serve and file a written stipulation consenting to reduce the amount of the verdict in her favor against Machata for personal injuries from $30,000 to $20,000 and to the entry of an amended judgment accordingly, in which event said portion of the judgment, as so reduced and amended, is affirmed, without costs. (2) So much of the judgment as is in favor of plaintiff Gotti against Serra, Machata and the Bonofiglios as defendants reversed, on the law and the facts, and, as between said parties, action severed and new trial granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, Gotti shall serve and file a written stipulation consenting to reduce the amount of the verdict in his favor against said defendants from $20,000 to $15,000 and to the entry of an amended judgment accordingly, in which event said portion of the judgment, as so reduced and amended, is affirmed, without costs. (3) So much of the judgment as is in favor of plaintiff Scampoli against Serra, Machata and the Bonofiglios as defendants reversed, on the law and the facts, and, as between said parties, action severed and new trial granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, Scampoli shall serve and file a written stipulation consenting to reduce the amount of the verdict in his favor

against said defendants from $15,000 to $10,000 and to the entry of an amended judgment accordingly, in which event said portion of the judgment, as so reduced and amended, is affirmed, without costs. (4) The following portions of the judgment are affirmed, without costs: (a) in favor of defendant Helen Bonofiglio upon her cross claim against defendant Machata; (b) in favor of Serra and Machata as defendants against Frank Bonofiglio as plaintiff; and (c) in favor of the Bonofiglios as defendants against Serra as plaintiff. (5) In the event that more than one portion of the action shall stand as severed, by reason of noncompliance with the pertinent conditions concerning reduction of amount of verdict, such portions of the action are hereby consolidated. These are consolidated negligence actions in which damages are sought for personal and property injuries arising out of a collision between two automobiles. One automobile was operated by Machata and owned by Serra who was a passenger therein. The other was owned by Helen Bonofiglio, who was not present, and was operated by her husband, Frank Bonofiglio. Gotti and Scampoli were passengers in that car. In our opinion the proof supports the finding, implicit in the jury's verdict, that both operators were negligent. The jury was not required to accept one or the other of conflicting versions of the happening of the accident but was free to consider all the evidence in the case (cf. *Tumulty* v. *New York, N. H. & H. R. R. Co.*, 224 App. Div. 131, 135–136; *Burd* v. *Bleischer*, 208 App. Div. 499, 501; *De Carlo* v. *New York City Tr. Auth.*, 42 Misc 2d 751, affd. 23 A D 2d 549). We also find no reversible error in the rulings of the trial court (CPLR 2001). However, it is our opinion that the verdict was excessive to the extent indicated. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.