MONA ROBINSON COGDILL v. SUSAN WEEKS SCATES AND
GEORGE THOMAS COGDILL

No. 7530SC166

(Filed 2 July 1975)

**Automobiles § 50— automobile accident — testimony by plaintiff that defendant was not negligent — directed verdict proper**

In an action for damages for personal injuries sustained by plaintiff, while a passenger in her husband's automobile, when it collided head-on with another vehicle, plaintiff was conclusively bound by her unequivocal testimony, despite the allegations of her complaint, that her husband, defendant Cogdill, was not negligent in any way, that he was not driving in a reckless manner, that he was in his proper lane of traffic, either stopped or moving slightly, had given a proper signal for a left turn, and was waiting for traffic to clear; therefore, defendant's motion for directed verdict should have been allowed.

Judge HEDRICK dissenting.

APPEAL by defendant, George Thomas Cogdill, from *Friday, Judge*. Judgment entered 30 September 1974 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 6 May 1975.

This is a civil action for damages for personal injuries sustained by the plaintiff, while a passenger in her husband's automobile, when it collided head on with another automobile being driven by the defendant, Scates, allegedly due to the negligence of both drivers. In his answer, plaintiff's husband, the defendant Cogdill, denied any negligence on his part and alleged contributory negligence on the part of the plaintiff. Prior to the trial, plaintiff settled with the defendant, Scates, and filed a voluntary dismissal as to Scates. Similar actions against both defendants, instituted by Edna Reece Ruff, owner-occupant of the Scates vehicle, and Robert Reece, passenger in the Scates automobile, were consolidated with plaintiff's action for purposes of trial. Defendant Susan Weeks Scates, in the Ruff and Reece actions, filed a cross claim against defendant Cogdill and defendant Cogdill filed a cross claim against defendant Susan Weeks Scates.

The jury answered the 21 issues submitted to them which resulted in the following findings: (1) that plaintiff Cogdill was injured by the negligence of defendant Cogdill in the amount of $40,000; (2) that plaintiff Reece was injured by the concurrent negligence of defendant Cogdill and defendant Scates in the amount of $7,500; (3) that plaintiff Ruff was injured by the concurrent negligence of defendant Cogdill and defendant Scates in the amount of $35,000, and that defendant Scates' negligence, as imputed to plaintiff Ruff, the owner of the Scates automobile, did not contribute to the plaintiff Ruff's injury in her action against the defendant Cogdill; (4) that defendant Cogdill was injured by the negligence of defendant Scates in the amount of $1,500, and that defendant Cogdill did not contribute to his own injury; and (5) that the defendant Scates was injured by the negligence of the defendant Cogdill in the amount of $5,000 and that the defendant Scates did not contribute to her own injury. From judgment on the verdict awarding plaintiff Cogdill $40,000, defendant Cogdill appealed.

Additional facts necessary for decision are set forth in the opinion.

*Bruce A. Elmore, by John A. Powell, for plaintiff appellee.*

*Morris, Golding, Blue and Phillips, by William C. Morris, Jr., for defendant appellant.*

MORRIS, Judge.

Appellant strenuously contends that the trial judge erred in failing to grant his motion for a directed verdict at the end of plaintiff's evidence, at the end of all the evidence and for judgment notwithstanding the verdict.

In her original verified complaint plaintiff Cogdill had alleged that her husband was negligent in that he (1) failed to keep a proper lookout; (2) operated his automobile in a careless and reckless manner; (3) "operated his automobile at a high and dangerous speed"; (4) failed to maintain proper and reasonable control of his automobile; (5) "operated his automobile on the left side of the center of Balsam road"; (6) operated his automobile "in such a manner and at such a speed as to be incapable of stopping it within a reasonable distance"; (7) "turned his automobile from a direct line without first ascertaining that such movement could be made with safety"; (8) "suddenly and abruptly turned his automobile to the left with-

out giving a signal or warning whatever"; and finally, (9) "operated a motor vehicle when he had been consuming alcoholic beverages, and when he was under the influence of intoxicants, contrary to statutes." On the day of the trial, counsel for plaintiff Cogdill filed an unverified amended complaint deleting the prior allegations of (1) carelessness and recklessness and (2) driving under the influence of intoxicants. The collision between the two cars was head on. Both drivers were alleged to have crossed the center line into the other's lane of traffic. Each denied this.

The record does not indicate that there was any objection lodged to consolidation. At trial, the evidence of plaintiffs Ruff and Reece was presented first. Their evidence was sufficient to show negligence on the part of both Cogdill and Scates. Plaintiff appellee then presented her evidence. She testified on direct examination that she never saw the car operated by Susan Scates; that immediately before the collision she was "looking out the right-hand side"; that her husband, defendant Cogdill, "had given a left-hand signal to turn to Little Bill's. Our car was sitting still, waiting to turn into Little Bill's." On cross-examination she testified that she knew their car was in its proper lane; that she did not remember the collision; that the last she remembered was that they were sitting in the right-hand lane waiting to turn in to Little Bill's; that the car driven by her husband, the defendant, had been stopped in its right lane of traffic on the Balsam Road for several seconds waiting for traffic to clear; that her husband, the defendant, immediately before the collision had been driving "at least 20 miles an hour"; that her husband, the defendant, had not drunk any alcoholic beverage; that he was "not negligent, in any way, as far as this accident was concerned"; that shortly after the accident occurred she signed a statement, given out of the presence of her husband, in which she stated: "About 9:05 p.m. we had left Mrs. Lyles home about a quarter of a mile from Little Bill's Drive-In. Neither George nor myself had been drinking. Our daughter wanted a cup of ice, and we were on our way to Little Bill's. We were traveling on Balsam Road which is a hard-surface two lane road. One lane east and one lane west. We were going east and was approaching the Drive-In. The weather was clear and the streets were dry. I don't recall if there was any traffic in front of us. I don't know how far we were from the upper drive when we came to a stop waiting for oncoming traffic to clear and wasn't paying much atten-

Cogdill v. Scates

tion to what was going on around us. The next thing I recall was sitting on the floorboard of the car and George was in the front seat holding me up. . . . Up to the impact George was driving in a careful manner. Also he was not driving reckless (sic) in any way and is a safe driver . . . George had not started his turn and was still in his lane when we came to a stop"; that she didn't know anything about whether her "husband was looking around, straight ahead, or wherever he was looking"; that when she said they were stopped she didn't mean they were "actually dead stopped and none of the wheels moving at all"; that she meant the wheels "were just barely turning as [they] were sort of moving along the highway waiting for this traffic to pass so [they] could turn into Little Bill's."

It is obvious that plaintiff's own evidence contains no evidence of negligence on her husband's part. Any evidence of his negligence would have to come from the evidence presented by the plaintiffs in the other actions. However, not only did plaintiff fail to testify as to any act of negligence on the part of her husband, she completely and unequivocally absolved him of liability. Her testimony not only would entitle defendant Cogdill to a directed verdict; it amounts, in effect, to a voluntary dismissal of her alleged cause of action against her husband, defendant Cogdill.

We think the following comment is appropriate and applicable:

". . . A party may not recover on a set of facts which the party unequivocally testifies are not so, nor can he recover on a ground or theory, or rely on a defense, which he has directly or in effect repudiated by his own testimony, at least where there is nothing in the record to indicate that he was confused or uncertain in testifying. It has been held that the rule will not be applied as against a party subject to such mental limitations that his testimony is unreliable." 32A C.J.S., Evidence, § 1040(3), p. 778. See also IX Wigmore, Evidence, 3d ed., § 2594a: Party's Testimony as a Conclusive Admission; *Kanopka v. Kanopka,* 113 Conn. 30, 154 Atl. Rep. 144 (1931).

We do not discuss this case upon the theory that plaintiff may or may not have by judicial admission negated, as to her, any prior evidence introduced by other plaintiffs as to defendant Cogdill's negligence. We simply hold that plaintiff Cogdill

is conclusively bound by her unequivocal testimony that her husband, defendant Cogdill, was not negligent in any way, that he was not driving in a reckless manner, that he was in his proper lane of traffic, either stopped or moving slightly, had given a proper signal for a left turn, and was waiting for traffic to clear. *Bradshaw v. Stieffel,* 230 Miss. 361, 92 So. 2d 565 (1957); *Jacobs v. Munez,* 157 F. Supp. 120 (U.S.D.C. S.E. N.Y. 1957); *Thies v. Reich Bros. Long Island Motor Freight, Inc., et al.,* 273 N.Y. 552, 7 N.E. 2d 688 (1937). The record gives no indication that plaintiff was confused, was mentally impaired, or was in any way not able to understand the question propounded to her. Her answers were clear and well stated. She was employed as a telephone operator for Western Carolina Telephone Company. In our opinion, she clearly and totally without ambiguity, indicated that in her opinion, despite the allegations of her complaint (which she testified she had not read), her husband was not negligent in the operation of his automobile. This amounts to repudiation of any alleged cause of action she had as to him. Surely no unfairness results to plaintiff by adopting her testimony that she had no cause of action based upon her husband's negligence and no liability attached to him. Since she had, by her own explicit and unambiguous testimony, repudiated any cause of action she had previously alleged against her husband, no issues with respect to his liability for her injuries should have been submitted to the jury. Defendant's motion for directed verdict should have been allowed.

Plaintiff's other exceptions and assignments of error are directed to the admission and exclusion of evidence, the charge of the court to the jury, the issues presented to the jury, and the inconsistency of a finding of negligence on the part of defendant Cogdill in plaintiff's case, but a finding of no contributory negligence on the part of defendant Cogdill in his cross claims against Scates. The view of the case expressed by this opinion makes any discussion of those exceptions unnecessary and undesirable.

Reversed.

Chief Judge BROCK concurs.

Judge HEDRICK dissents.

Judge HEDRICK, dissenting:

The majority opinion fairly summarizes plaintiff's testimony. Without elaborating on the circumstances surrounding the taking of her testimony, or the contradictions, discrepancies, and equivocations contained therein, I am of the opinion that plaintiff's testimony is not so unequivocal as to require that a directed verdict be entered against her and in favor of the defendant Cogdill, whether her testimony be characterized as a judicial admission, a repudiation of her claim against her husband, or a voluntary dismissal. See McCormick, Evidence, § 266, 2d ed. pp. 636-639.

I vote to affirm.