[No. 3474–2.    Division Two.    December 17, 1979.]

ELVA L. WHITNEY, *Appellant,* v. THE STATE OF WASHINGTON, ET AL, *Respondents.*

*Paul L. Stritmatter,* for appellant.

*Slade Gorton, Attorney General, Earl R. McGimpsey, Assistant,* and *Matt Murray,* for respondents.

SOULE, J.—Plaintiff appeals from a jury verdict and a judgment for the defendants and from the denial of a motion for a new trial. We reverse and order a new trial.

The basic issue is whether the plaintiff, who stated in a deposition that she perceived a road sweeper in the outside lane, should have been permitted to introduce testimony of others to show that the plaintiff's perception of the position of the equipment on the highway was erroneous due at least in part to the equipment operator's alleged failure to activate warning lights on the equipment.

On March 3, 1976, the plaintiff drove into the rear of a road sweeper which was being operated by the State Highway Department on SR 12. Plaintiff was proceeding east toward Montesano in the inside lane. At her deposition she stated that she had crossed the Clemons Hill Road intersection at the brow of the hill and started down the grade into the Wynooche Valley. She saw the sweeper ahead and stated that it was driving slowly in the outside lane. At this first sighting she estimated that she was 100 to 150 yards away. Her recollection is that the weather was overcast but not raining, and although the sweeper was raising some dust, it was not too much. She stated that she slowed down to 45 or so and as she got almost alongside the sweeper, it emitted a dense cloud of dust and gravel and that she struck it in the rear. The collision occurred in the inside

lane and she concluded that the sweeper moved from the outside to the inside lane just before the collision.

The undisputed physical evidence as demonstrated by photographs of the sweeping tracks shows that the sweeper was in fact at all times in the inside lane. Based upon the deposition testimony, the defendant moved in limine to prevent the plaintiff from referring to the dust or the lack of signing or lighting on the sweeper. The report of proceedings makes it clear that the signing referred to was intended to include not only signs upon the sweeper, but stationary warning signs placed on the highway to warn traffic of maintenance machinery operating ahead.

In resisting the motion, plaintiff offered to prove through two witnesses in a car which Mrs. Whitney had passed just before the collision, that the sweeper operation created such a cloud of dust that the sweeper itself was not visible to the witnesses until they actually came abreast of the wreck, that there were no static warning signs on the highway, that there was no following safety car warning of the sweeper operation ahead, and that they saw no warning lights on the sweeper itself.

By another witness driving a car westbound, the plaintiff offered to prove that the sweeper was creating dust, and that as that driver came upon the accident scene she saw the defendant–driver of the sweeper get out of his cab, go toward the plaintiff's car at the very moment she was passing, and, as she passed, she observed the driver go back to the cab of his truck, lean into the cab and then the warning lights with the large directional arrow came on.

The offers of proof were rejected and the motion in limine granted. In doing so, the court reasoned that because the plaintiff saw the sweeper and identified it despite the dust, and that her theory of the accident clearly was that the sweeper suddenly emitted a large cloud of dust and changed lanes directly in front of her, that the presence of dust and the absence of signing were not relevant.

For reasons set forth below, we believe it was error to deny the offer of proof, at least to the extent that the

plaintiff wished to show that the flashing arrow was not operating before the impact and was turned on only after the accident.[1]

The extent to which a party may contradict his own testimony is discussed in E. Cleary, *McCormick on Evidence* § 266 (2d ed. 1972). Three views emerge. The first is that a party's testimony may be contradicted by other evidence under the same conditions as that of any other witness. The second is that a party's testimony may be contradicted by other evidence except when he testifies unequivocally to matters within his peculiar knowledge. The third treats the testimony as a conclusive judicial admission subject to certain exceptions. One exception relates to matters about which he may be honestly mistaken with regard to his observation or recollection. *Guenther v. Armstrong Rubber Co.*, 406 F.2d 1315 (3d Cir. 1969). Mistaken testimony arising from the swiftly moving events preceding an accident can be within the exception. *Crew v. Nelson*, 188 Va. 108, 49 S.E.2d 326 (1948).

█ This jurisdiction appears to adhere to the second view rather than the third. A party may contradict, although not impeach, his own witness when he himself is the witness if circumstances are consistent with honesty and good faith. *Dahlgren v. Blomeen*, 49 Wn.2d 47, 298 P.2d 479 (1956). In that case, Blomeen based his claim to certain property upon a written agreement to make and maintain mutual wills. The original agreement was not available at trial, but the attorney who prepared the agreement and wills testified that an unsigned copy of the agreement in his files was the one which the parties executed. While asserting that an agreement had been prepared by the attorney, Blomeen denied that the instrument taken from the attorney's file was a copy of the particular document which he had signed. In finding for Blomeen, despite his own testimony, the trial court commented on

---

[1]During the subsequent trial, the driver testified that the flashing arrow was operating at all critical times.

the capacity of a party to receive a mistaken impression of an experience or of the contents of an instrument. In upholding the judgment of the trial court, the Supreme Court said at page 53:

> This is not a case where a party has testified to facts not open to observation and peculiarly within his own knowledge, which facts if true would defeat his cause of action or his defense. The cases holding that a party is precluded by such testimony are reviewed at length in *Alamo v. Del Rosario,* 98 F. (2d) 328 (D.C. App.), and in an annotation in 169 A. L. R. 798. As the court said in *Alamo v. Del Rosario,* quoting from *Hill v. West End Street R. Co.,* 158 Mass., 458, 459, 460, 33 N. E. 582,
>
> ". . . there is no sound reason why the familiar doctrine that a party may contradict, though not impeach, his own witness, should not, if the circumstances are consistent with honesty and good faith, be applied when he is himself the witness. . . . In other words, the law recognizes the fact that parties, as well as other witnesses, may honestly mistake the truth, and requires juries to find the facts by weighing all the testimony, whatever may be its source."

■ Applying the foregoing principles to the facts of this case, we hold that plaintiff's perception of the general presence of the sweeper and her accurate identification of it as an operating sweeper, precludes her from offering evidence to support an argument that she did not see the sweeper at all because of the dust. Her perception was clearly a matter within her peculiar subjective knowledge and this she should not be permitted to repudiate.[2] Her timely observation of its presence likewise made evidence of the absence of static highway warning signs irrelevant. However, in refusing to admit testimony tending to show that the flashing directional arrow was not operating, we believe that the court fell into error. It is clear that plaintiff mistook the

---

[2]By so holding, we do not mean to suggest that evidence of dust may not be introduced upon retrial to the extent that it may bear upon the reason for her inaccurate observation. We only hold that she may not now assert that she is mistaken in her basic testimony that she saw the sweeper from a distance of 100 to 150 yards.

lateral placement of the sweeper upon the highway. The uncontroverted physical evidence is that the sweeper was at all times proceeding in the inner lane, as was she. This evidence must control over testimony to the contrary. *Bohnsack v. Kirkham,* 72 Wn.2d 183, 432 P.2d 554 (1967); *Fannin v. Roe,* 62 Wn.2d 239, 382 P.2d 264 (1963). Her testimony to the contrary was obviously based upon a mistake in observation and nothing in the record suggests any reason to doubt the basic honesty and good faith of her testimony. There is no reason to penalize her for being candid in setting forth her recollection, even though mistaken. *Cf. Alamo v. Del Rosario,* 98 F.2d 328 (D.C. Cir. 1938). Further, her testimony, if true, would not negate defendant's liability.

The operational status of the large flashing arrow is highly relevant because its function was to clearly indicate to overtaking traffic the proper side upon which to pass. If there be any misperception by a driver rapidly approaching the slowly moving sweeper, the warning arrow is the last and clearest means of alerting the driver to the precise location of the equipment. Plaintiff was entitled to have the jury consider whether or not the absence of the flashing warning light, if indeed it was absent, was a proximate cause of her confusion as she approached the hazard.

Defendant urges us to treat the deposition testimony as a conclusive judicial admission. We decline to do so. In a case such as this where the claimant's testimony is based upon observation and recollection in direct conflict with the undisputed physical evidence, the "concrete fact" is the physical evidence, not the oral testimony.

*McCormack v. Haan,* 23 Ill. App. 2d 87, 161 N.E.2d 599 (1959), cited by defendant is distinguishable in that there was no unchallenged physical evidence that conflicted with the testimony and pleadings which the court characterized as a judicial admission. Further, even in that case the court recognized that the effect of a party's adverse testimony is for the jury if it is a product of mistake.

*Mollman v. St. Louis Pub. Serv. Co.,* 192 S.W.2d 618 (Mo. App. 1946), and *Cogdill v. Scates,* 26 N.C. App. 382, 216 S.E.2d 428 (1975), cited by defendant, both recognize that if the record discloses that the testimony claimed to constitute a judicial admission is the product of the plaintiff's confusion, the strict application of the judicial admission theory is not proper.

We note also that in both *McCormack v. Haan, supra,* and *Cogdill v. Scates, supra,* the plaintiffs alleged in their complaints specific acts of negligence contrary to the plaintiffs' testimony. In the case before us, the complaint does not allege that the sweeper changed lanes. The only negligence alleged is that the State of Washington failed to instruct the driver properly and that the State was negligent in failing to provide adequate warning.

Additionally, and most significantly, in all three cases cited by defendant, the plaintiff's testimony affirmatively absolved the particular defendant of any act of negligence, while in the case at bench, even if the sweeper had been maneuvered as plaintiff thought it was, the act would have increased defendant's exposure rather than negate it. In other words, although her testimony was at variance with the physical facts and her initial impression of how the accident happened, had it happened as she understood it, she still would have had a valid claim.

Lastly, we observe that *Mollman v. St. Louis Pub. Serv. Co., supra,* was decided in a jurisdiction which draws a distinction between the testimony of a party and that of a witness. This distinction is not made in this jurisdiction. *Cf. Dahlgren v. Blomeen, supra.*

■ Assignments of error pertaining to the refusal of other aspects of the offer of proof and to the refusal to give certain proposed instructions have not been supported by argument or citation of authority. We consider them to have been abandoned. *Finney v. Farmers Ins. Co.,* 92 Wn.2d 748, 600 P.2d 1272 (1979).

In any event, consideration of them is unnecessary in view of the fact that a new trial must be granted.

The judgment for defendant is reversed and a new trial is ordered.

PEARSON, C.J., and REED, J., concur.