TIMOTHY J. HASH, PLAINTIFF v. THE ESTATE OF PAIGE WALTON HENLEY, BY AND THROUGH ITS CO-ADMINISTRATORS, RODNEY W. HENLEY AND JEWEL R. HENLEY, NEAL S. GORDON, JR. AND GORDON & SONS FINE GRADING INC., DEFENDANTS

No. COA07-845

(Filed 20 May 2008)

**Evidence— judicial admission—prior testimony repudiated allegations and affidavit—summary judgment**

The trial court did not err in an action arising out of an automobile accident by granting summary judgment in favor of defendants when defendants' motion alleged that plaintiff passenger previously had provided sworn testimony that decedent driver Henley was not negligent in the operation of her motor vehicle that resulted in plaintiff's injuries, and in response plaintiff filed an affidavit alleging facts that directly contradicted his prior testimony, because: (1) plaintiff's prior testimony unequivocally and unambiguously repudiated the allegations in his complaint and affidavit; and (2) plaintiff's statements constitute judicial admissions by which he is bound.

Appeal by plaintiff from an order entered 13 February 2007 by Judge W. Erwin Spainhour in Davie County Superior Court. Heard in the Court of Appeals 16 January 2008.

*Wells Jenkins Lucas & Jenkins PLLC, by Ellis B. Drew, III and R. Michael Wells, Jr., for plaintiff-appellant.*

*Bennett & Guthrie, P.L.L.C., by Rodney A. Guthrie and Jason P. Burton, for defendant-appellee, The Estate of Paige Walton Henley, by and through its Co-Administrators, Rodney W. Henley and Jewel R. Henley.*

JACKSON, Judge.

Timothy J. Hash ("plaintiff") appeals the trial court's order granting summary judgment in favor of the Estate of Paige Walton Henley, by and through its co-administrators, Rodney W. Henley and Jewel R. Henley ("defendants"). For the reasons stated below, we affirm.

On or about 22 November 2002, plaintiff was riding as a passenger in a car driven by defendants' decedent, Paige Walton Henley ("Henley"). As they proceeded northbound on Highway 801 near Mocksville in Davie County, a two-lane road, defendant Neal S.

Gordon ("Gordon") tailgated them for a mile or two, flashing his high-beam headlights at them. Gordon eventually passed them, then slowed down significantly in front of them.

Henley became irritated and attempted to pass Gordon. Gordon sped up, staying alongside Henley to prevent her from passing his truck. Although plaintiff asked Henley to slow down and pull in behind Gordon, she did not. She eventually gained a little distance on Gordon and asked plaintiff if there was enough room for her to pull in front of Gordon.

At this point, one of the vehicles crossed into the other lane, causing the vehicles to collide. Henley's car spun partly in front of Gordon, then into some trees on the side of the road, then back into Gordon's truck. As a result of the accident, Henley died and plaintiff received multiple injuries.

Gordon eventually was found guilty of misdemeanor death by motor vehicle on 17 July 2003. Plaintiff testified for the State at Gordon's trial. On 25 November 2003, defendants filed a civil suit against Gordon. Plaintiff was deposed in that suit on 9 June 2004; however, he did not testify at trial. The jury returned a verdict finding no negligence on Gordon's part in that case.

Plaintiff filed the instant suit on 29 July 2005. Plaintiff settled with defendants Gordon and Gordon & Sons Fine Grading, and they were released. The settlement specifically reserved "any and all claims."

On 19 January 2007, defendants filed a motion for summary judgment. The motion was heard on 5 February 2007. Summary judgment was granted in defendants' favor by order filed 13 February 2007. Plaintiff appeals.

Plaintiff argues that there are genuine issues of material fact such that the trial court's granting of summary judgment was in error. We disagree.

We review an order allowing summary judgment *de novo*. *See Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005).

The moving party bears the burden of showing that no triable issue of fact exists. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.,* 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985) (citing *Texaco, Inc. v. Creel,* 310 N.C. 695, 314 S.E.2d 506 (1984)). This burden can be met by proving: (1) that an essential element of the non-moving party's claim is nonexistent; (2) that discovery indicates the non-moving party cannot produce evidence to support an essential element of his claim; or (3) that the non-moving party cannot surmount an affirmative defense which would bar the claim. *Collingwood v. G.E. Real Estate Equities,* 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citations omitted).

In the case *sub judice,* defendants' motion for summary judgment alleged that plaintiff previously had provided sworn testimony that Henley was not negligent in the operation of her motor vehicle that resulted in plaintiff's injuries. In response, plaintiff filed an affidavit in which he alleged facts that directly contradict his prior testimony.

At issue in the present appeal is whether plaintiff's prior testimony constitutes evidential admissions by which he is not bound, or judicial admissions by which he is bound. In *Cogdill v. Scates,* 26 N.C. App. 382, 216 S.E.2d 428 (1975), *aff'd,* 290 N.C. 31, 224 S.E.2d 604 (1976), the plaintiff had alleged in her complaint that her injuries were the result of her husband's negligent driving. At trial, however, she testified that her husband acted reasonably. This Court held that the plaintiff was "conclusively bound by her unequivocal testimony" that her husband was not negligent. *Id.* at 385-86, 216 S.E.2d at 430. *Cogdill* did not address whether the plaintiff's testimony constituted a judicial admission. *Id.* at 385, 216 S.E.2d at 430.

In *Woods v. Smith,* 297 N.C. 363, 255 S.E.2d 174 (1979), the North Carolina Supreme Court discussed the difference between evidential and judicial admissions. The Court concluded, "when a party gives adverse testimony in a deposition or at trial, that testimony should not, in most instances, be conclusively binding on him to the extent that his opponent may obtain either summary judgment or a directed verdict." *Id.* at 374, 255 S.E.2d at 181. However, *Woods* recognized an exception "when a party gives unequivocal, adverse testimony under factual circumstances such as were present in *Cogdill,* [in which case] his statements should be treated as binding judicial admissions rather than as evidential admissions." *Id.*

This Court previously has affirmed summary judgment when the plaintiff's deposition testimony unequivocally and unambiguously

repudiated the allegations in the complaint. In *Body v. Varner*, 107 N.C. App. 219, 224, 419 S.E.2d 208, 211 (1992), the Court recognized the general rule as stated in *Woods*, but noted that *Cogdill* applied to the extent that a party's deposition testimony unequivocally repudiates the allegations raised in the party's complaint. *Id.* at 223-24, 419 S.E.2d at 211.

Therefore, the central issue we must decide in the instant case is whether plaintiff's prior testimony unequivocally and unambiguously repudiates the allegations in his complaint and affidavit. We hold that it does.

On 17 July 2003, plaintiff testified against Gordon at the criminal trial resulting from the underlying accident in this case. When asked about road markings present at the time Henley began to pass Gordon, plaintiff responded, "We had the separated lines. The passing marks." On cross-examination, he reiterated that "[s]he pulled out in a passing zone. There was a passing zone there." He stated that Gordon "wasn't letting us over." Plaintiff further testified that as soon as he turned his head to see if there was enough room for Henley to move into the lane in front of Gordon, "[Gordon] smacked us." "He hit us. He hit us in the right rear wheel." Plaintiff continued that Henley's car was "clearly in the southbound lane." He further testified that, to his knowledge, Henley had had nothing to drink and that he did not smell alcohol on her breath. Plaintiff testified unequivocally that Gordon caused the accident.

On 9 June 2004, plaintiff provided deposition testimony in connection with defendants' civil suit against Gordon and Gordon & Sons Fine Grading. In his deposition, plaintiff stated that he could not recall a time when Henley had ever been visibly intoxicated to the point that she lost some control of her motor skills. He further stated that at the time of the accident, she did not appear to be under the influence of alcohol or drugs of any sort. When asked to describe Henley as a driver, plaintiff stated that she was a "very good driver." He testified that Henley was driving the speed limit just prior to the accident. As in the criminal trial, plaintiff testified that Henley began to pass Gordon in a passing zone and that it was Gordon who then crossed the center line and hit them. As in the criminal trial, plaintiff testified unequivocally that Gordon caused the accident.

In addition, plaintiff testified that Gordon's maneuvers "kind of irritated" Henley. In contrast to defense counsel's characterization of

Henley "slamm[ing her car] into third" gear, plaintiff said, "She put it in third gear; yes." Similarly, instead of "whip[ping] around [Gordon,]" plaintiff said Henley "proceeded to go around him." In contrast to this testimony, in his 5 February 2007 affidavit, plaintiff alleged that Henley, "in a fit of road rage," began her pass "on a double yellow line, or at least during part of the time was on a double yellow line." This is in direct contradiction to his prior sworn statements.

Pursuant to *Woods* and *Cogdill*, we hold that plaintiff's earlier testimony was unequivocal and unambiguous that it was Gordon's negligence, and not Henley's, that caused his injuries. Therefore, his statements constitute judicial admissions by which he is bound. Thus, the trial court's granting of summary judgment against him was proper.

Affirmed.

Judges HUNTER and BRYANT concur.