An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-900

Filed 2 July 2025

Durham County, No. 19 CVS 003400

TAMMY LOWREY, Plaintiff,

v.

CHOICE HOTELS INTERNATIONAL, INC., MANOJKUMAR (AKA MANOJ) MOHANLAL GANDHI, MONA GANDHI, MM SHIVAH, LLC, MM VAIBHAVLAXMI, LLC, CI HOTELS LLC AND WS HOTELS, LLC, Defendants.

Appeal by plaintiff from order entered 12 April 2024 by Judge Brian C. Wilks in Superior Court, Durham County. Heard in the Court of Appeals 12 June 2025.

> *Kennedy, Kennedy, Kennedy & Kennedy, L.L.P., by Harvey L. Kennedy and Harold L. Kennedy, III; The Francis Law Firm, PLLC, by Charles T. Francis; and Ruth Sheehan, for plaintiff-appellant.*
>
> *McAngus, Goudelock, and Courie, PLLC, by Christopher J. Skinner and Emily P. Tucker, for defendant-appellee Choice International Hotels, Inc.*
>
> *Brown, Crump & Tierney, PLLC, by O. Craig Tierney Jr. and Aurora Esposito; and Daughtry, Woodard, Lawrence & Starling, LLP, by N. Leo Daughtry and Luther D. Starling Jr., for defendants-appellees Manojkumar Mohanlal (aka Manoj) Gandhi, Mona Gandhi, MM Shivah, MM Vaibhavlaxmi, CI Hotels, and WS Hotels.*

ARROWOOD, Judge.

Tammy Lowrey ("plaintiff") appeals from an order declaring Durham County to be an improper venue for her action against defendants Choice Hotels International, Inc. ("Choice") and Manojkumar Mohanlal Gandhi, Mona Gandhi, MM Shivah, LLC, and MM Vaibhavlaxmi (collectively the "Gandhi defendants") and transferring the action to Wake County. For the following reasons, we affirm the order of the trial court.

## I. Factual Background

This appeal comes to us as the third[1] in a series of appeals centering on defendants' attempts to change the venue of the underlying action out of Durham County. *See Lowrey v. Choice Hotels Int'l, Inc. ("Lowrey I")*, 279 N.C. App. 107, 2021 WL 3626779 (2021) (unpublished); *Lowrey v. Choice Hotels Int'l, Inc. ("Lowrey II")*, 290 N.C. App. 242, 2023 WL 5214935 (2023) (unpublished). The events giving rise to the underlying lawsuit and the procedural history of the case prior to our decision in the second appeal are set forth in the background sections of *Lowrey I* and *II*.

The dispositive issue in *Lowrey II* was whether the trial court erred by hearing and granting, over defendants' objection, plaintiff's motion for leave to amend her amended complaint before hearing and ruling on defendants' motion for change of venue. *Lowrey II* at *5–6. We held that the trial court erred, given the "binding mandate of our precedent" that a motion to change venue as a matter of right must

___

[1] The first appeal in this series contained two consolidated appeals stemming from the same action.

be considered before any other matter, and consequently vacated the trial court's order and remanded for the trial court to address the merits of defendants' motion to change venue. *Id.* at *8–10.

*Lowrey II* was filed 15 August 2023, and the trial court's hearing on the merits of defendants' motion followed soon after, on 29 January 2024. During the hearing, defendant Choice's arguments centered on their complete lack of ownership of any tangible property in Durham County, which they contended meant they did not maintain a place of business in Durham County. Choice argued that a finding that ownership of mere intellectual property in a county could constitute proper venue "would be the very essence of venue shopping or forum shopping." The Gandhi defendants argued that when suing natural persons, venue is proper where those persons reside, which in this case was Johnston County. Further, venue in Durham County was improper as to the Gandhi LLCs, since there was no evidentiary basis for plaintiff's allegation that MM Shivah owned property in Durham County.

Plaintiff declined to argue concerning the Gandhi defendants and instead focused on the franchise relationship between Choice and their hotels within Durham County. Plaintiff argued that because this agreement provided Choice Hotels with significant control over their franchisees, the individual hotels constituted places of business for Choice. The trial court declined to give an immediate ruling, and in its 12 April 2024 order, found that Choice never admitted to maintaining a place of business in Durham County, and that plaintiff did not provide sufficient evidence to

establish that Choice did so. The trial court consequently concluded that Durham County was an improper venue and transferred the action to Wake County. Plaintiff gave notice of appeal on 13 May 2024.

## II.    Discussion

Plaintiff raises one issue on appeal: whether the trial court erred, as a matter of law, in transferring venue from Durham County to Wake County. Plaintiff raises no arguments in her brief concerning the Gandhi defendants, and we therefore consider any challenge to venue related to those defendants as waived. For the following reasons, we hold that the trial court did not err, and venue transfer was proper.

### A.    Standard of Review

A trial court has no discretion whether to grant a proper and timely demand for change of venue. *Miller v. Miller*, 38 N.C. App. 95, 97 (1978). "The provision in N.C.G.S. [§] 1-83 that the court 'may change' the place of trial when the county designated is not the proper one has been interpreted to mean 'must change.' " *Id.* (citation omitted). We therefore review an order to change venue *de novo*. *See Stern v. Cinoman*, 221 N.C. App. 231, 232 (2012).

### B.    Change of Venue Statutory Construct

A party's motion to change venue is governed first by N.C.G.S § 1-83(1) (2024), which permits a trial court to change the place of trial if the designated county is not

the correct one. In determining which venue is correct when suing a domestic corporation or partnership, there are three locations where this may be done:

> (1) Where the registered or principal office of the corporation, limited partnership, limited liability company, or registered limited liability partnership is located, or
>
> (2) Where the corporation, limited partnership, limited liability company, or registered limited liability partnership maintains a place of business, or
>
> (3) If no registered or principal office is in existence, and no place of business is currently maintained or can reasonably be found, the term "residence" shall include any place where the corporation, limited partnership, limited liability company, or registered limited liability partnership is regularly engaged in carrying on business.

N.C.G.S. § 1-79(a) (2024). In determining what qualifies as a place of business, we have previously held that where a party has admitted to conducting business activities and owning certain property in a particular county, this constituted "maintaining a place of business." *Terry v. The Cheesecake Factory Restaurants, Inc.*, 253 N.C. App. 216, 221 (2017).

Choice Hotels has a registered office in Wake County. This means that 79(a)(3) is not triggered, and rather than investigating all the places that Choice may be "regularly engaged in carrying on business," we only ask where Choice might maintain a place of business. We first address plaintiff's argument that Choice made a judicial admission that amounted to admitting to maintaining a place of business.

## C.    Judicial Admission

Much of plaintiff's appeal rests on their argument that Choice, through an affidavit of their general counsel, admitted to ownership of properties in Durham County by way of judicial admission. We disagree.

A judicial admission is an adverse admission made by a party that is considered "conclusive and binding against the party" and not subject to contradiction by subsequent testimony. *Body v. Varner*, 107 N.C. App. 219, 223 (1992). A party's testimony will constitute a judicial admission when their statements "unequivocally repudiate[]" the cause of action raised by the party. *Id.* at 224.

Plaintiff focuses on an affidavit from Stuart Kreindler, assistant general counsel for Choice Hotels, Inc., made 21 February 2020. The pertinent paragraphs of this affidavit are reproduced below:

> 5.      As of the time of the filing of Plaintiff's Complaint and Amended Complaint and continuing through the present, Choice Hotels International, Inc. did not maintain a place of business in Durham County, North Carolina. Further, during the same period, Choice Hotels International, Inc. did not own real property or improvements in Durham, North Carolina.
>
> 6.      The properties identified in Exhibit A to Plaintiff Lowrey's December 10, 2019 Affidavit are owned and operated by franchisees of Choice Hotels International, Inc. and have been since before the filing of Plaintiff's Complaint and Amended Complaint. As of the time of the filing of Plaintiff's Complaint and Amended Complaint and continuing through the present, Choice Hotels International, Inc. did own these properties, did not employ any individuals at these properties and did not own any of the improvements at these properties. Further, Defendant Choice Hotels International, Inc. does not own any other

properties or improvements in Durham County, North Carolina.

Plaintiff argues that Kreindler's attestation that "Choice Hotels International, Inc. *did own these properties*" constitutes a judicial admission binding upon Choice. However, this affidavit bears none of the hallmarks required of a judicial admission.

Plaintiff ignores both the context of Kreindler's statement within the affidavit, and within the case as a whole. Paragraph 6 begins with a statement that the properties are owned and operated by franchisees. It then continues after the statement in question with a list of actions Choice had *not* undertaken, such as employment and owning improvements, and owning other properties in Durham County. In Paragraph 5, Kreindler states that Choice did not operate a place of business in Durham County, and *did not own* real property in Durham, North Carolina.

Further, in an earlier affidavit, dated 29 January 2020, Kreindler stated that Choice "does not own real property or improvements in Durham, North Carolina," and that the properties identified by plaintiff in her affidavit were not owned by Choice. And in a later affidavit, dated 20 December 2021, Kreindler stated that Choice "did not, and does not, maintain a place of business in Durham County, North Carolina[,]" nor owned "real property, improvements, equipment, fixtures and/or furnishings" there. Kreindler further listed each Choice franchise location in Durham County, but noted that "Choice does not own or control any of the above

listed ownership entities."

Aside from the one clause identified by plaintiff, defendants have made no statements consistent with ownership of properties in Durham County. The single clause, compared to the rest of the evidence, does not rise to the level of an "unequivocal" statement, especially when the most likely explanation is a scrivener's error. One of our seminal cases on judicial admission, *Codgill v. Scates*, held a party's "deliberate, unequivocal and repeated" testimony constituted a judicial admission. 290 N.C. 31, 43 (1976). Kreindler's affidavit could not be described using any of these words. Plaintiff cites to *Hash v. Estate of Henley*, 190 N.C. App. 645 (2008) in support of her argument, yet we find the same language of "unequivocal testimony" there as well. *Id.* at 647. We therefore hold that Choice has not made a judicial admission that they own properties in Durham County.

### D. N.C.G.S. § 1-79(a)(3)

Having addressed plaintiff's argument for judicial admission, we now consider whether Choice "maintains a place of business" in Durham County, and we conclude that they do not.

The only tie between Choice and Durham County is the contracts between themselves and their franchisees, who own and operate the individual Choice Hotels. Plaintiff points to no language franchise agreement between Choice and Durham Hospitality, Inc. that establishes any ownership interest on Choice's part in the hotel itself, but instead lists a variety of duties for the franchisee, including maintaining

high standards and following applicable laws, using Choice's equipment and hardware to manage reservations, and using Choice's signage. Plaintiff notes that Choice maintains ownership in their intellectual property, that the franchisee must maintain liability insurance, that the hotel must pay taxes, and that Choice may terminate the contract at will. Plaintiff cites to a variety of other aspects of Choice's control over the operation of the hotel.

Plaintiff's entire argument rests on what she argues are the parallels between the case *sub judice* and the *Terry* case. Plaintiff's argument rests on a single line of *Terry*: "It is clear from defendant's answers to the request for admissions that defendant conducts business activities in Durham County and that defendant owns some equipment, fixtures and furnishings located in Durham County; thus, defendant maintains a place of business in Durham County." *Terry*, 253 N.C. at 221. Plaintiff's argument is unpersuasive. Even if it could be argued successfully that Choice conducts business activities in Durham County based solely on their franchise agreement, plaintiff has not demonstrated that Choice Hotels has any ownership interests within the county that could rise to the level required by *Terry*. The only reference by plaintiff to any physical property which could be construed as belonging to Choice within the franchise agreement is the Property Management and Reservation Systems clause, which requires franchisees to use equipment described in the Rules and Regulations. Plaintiff has not included the Rules and Regulations in the record, nor does the Franchise Agreement state who owns the equipment

referenced. Choice has consistently averred under oath that they own no property in Durham County. Plaintiff is therefore unable to meet the standard she herself set for determining what "maintaining a place of business" means.

Plaintiff attempts to expand *Terry* by arguing that contractual obligations and intellectual property also constitute maintaining a place of business, yet she leaves these contentions unsupported by any case law, as *Terry* only refers to physical property. She also ignores the reality that if a corporation could be sued in any venue where it had contractual obligations or intellectual property, large corporations with a presence in many counties in North Carolina could be sued wherever the plaintiff preferred, thereby abrogating our venue statutes. The reality is that plaintiff is a resident of Johnston County, all the alleged events giving rise to the underlying action occurred in Wake County and none of the individual defendants nor the hotel owners are alleged to be residents or doing business in Durham County. Choice's only connection to Durham County established by plaintiff is that Choice has franchise agreements with parties that have no connection with this litigation, and that those independent franchisees are required to use Choice signage and a shared integrated reservation system, which is simply not enough to establish venue under N.C.G.S. 1-79(a).

### III.   Conclusion

For the foregoing reasons, we affirm the decision of the trial court.

AFFIRMED.

Judges WOOD and FLOOD concur.

Report per Rule 30(e).