ZELMA R. OXENDINE, PLAINTIFF v. SARAH BOWERS, AKA SARAH BRAYBOY AND JANE MARIE MORGAN, DEFENDANTS

No. 8916SC1348

(Filed 4 December 1990)

**1. Evidence § 34.1 (NCI3d) — claim against two or more defendants — plaintiff not bound by pleadings**

The trial court erred by granting summary judgment for defendant Bowers in an action arising from an automobile accident where plaintiff was a passenger in a car driven by defendant Morgan and owned by plaintiff; defendant Bowers was the driver of the other car; and defendant Bowers moved for summary judgment based on plaintiff's allegation of negligence by Morgan and by her adoption in deposition testimony of a statement by her counsel that the facts would support Morgan's negligence. Plaintiff's complaint does not explicitly state that her claims against the named defendants are alternative allegations, but that does not preclude the

OXENDINE v. BOWERS

[100 N.C. App. 712 (1990)]

application of *Woods v. Smith*, 297 N.C. 363, which declined to apply the rule that a party is bound by his pleadings to cases where a plaintiff brings a claim in the alternative against two or more defendants.

**Am Jur 2d, Evidence § 696.**

2. **Evidence § 34.1 (NCI3d) — adverse deposition testimony — nonconclusive**

The trial court erred by granting summary judgment for defendant Bowers in an automobile accident case where plaintiff adopted a statement of her attorney during her deposition that the facts supported the allegation that plaintiff's driver was negligent. Plaintiff also testified in the same deposition that her driver was not negligent and her statement was not such deliberate, unequivocal, and repeated testimony as would defeat plaintiff's claim as a matter of law. Plaintiff's deposition contained a forecast of evidence from which it could reasonably be inferred that plaintiff's driver was not negligent and the resolution of this issue should have been left to a jury.

**Am Jur 2d, Depositions and Discovery § 178.**

Judge LEWIS concurring in the result.

APPEAL by plaintiff from order entered 21 September 1989 in SCOTLAND County Superior Court by *Judge Howard E. Manning, Jr.* Heard in the Court of Appeals 21 August 1990.

Plaintiff filed this negligence action on 12 December 1988 claiming injuries arising out of a collision between a vehicle driven by defendant Morgan in which plaintiff was a passenger and a vehicle driven by defendant Bowers. Defendant Bowers answered, denying her own negligence, admitting defendant Morgan's negligence, and affirmatively alleging that plaintiff was the owner of the vehicle driven by Morgan and that Morgan's negligence operated as a matter of law to bar plaintiff's claim. Defendant Bowers moved for summary judgment on 21 August 1989 based on plaintiff's allegation of negligence on the part of her own driver, and her adoption in deposition testimony of a statement of her counsel that the facts of the case would support Morgan's negligence. On 11 September 1989, plaintiff voluntarily dismissed her claim against defendant Morgan.

OXENDINE v. BOWERS

[100 N.C. App. 712 (1990)]

An order granting defendant Bowers' motion for summary judgment was entered 21 September 1989. Plaintiff appeals.

*Bruce Allen for plaintiff-appellant.*

*Etheridge, Moser, Garner and Bruner, P.A., by Terry R. Garner, for defendant-appellee Sarah Bowers.*

WELLS, Judge.

[1]  When a motion for summary judgment is granted, "the critical questions for determination upon appeal are whether on the basis of the materials presented to the trial court, there is a genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law." *Oliver v. Roberts*, 49 N.C. App. 311, 271 S.E.2d 399 (1980), *cert. denied*, 276 S.E.2d 283 (1981). By her first assignment of error, plaintiff claims the existence of genuine issues of material fact which would preclude summary judgment. We agree and therefore reverse.

In its order granting summary judgment, the court below found:

On the morning the motion of the defendant Bowers was set for hearing, the plaintiff filed a voluntary dismissal as to Jane Marie Morgan. However, the plaintiff has not amended her pleadings, and the voluntary dismissal of this action as to the defendant Morgan does not in any way alter the sworn testimony of the plaintiff as set forth in her deposition, nor does it operate to withdraw her sworn statements. Under the law in North Carolina, and in particular, the case of *Herne v. Smith*, 23 N.C. App. 111, 208 S.E.2d 268 (1974), and *Rhodes [sic] v. Bryant*, 56 N.C. App. 635, 289 S.E.2d 637 (1982), the plaintiff, an owner/passenger is not, under the doctrine of imputed negligence, entitled to recover against the defendant Bowers for injuries sustained in the collision, where she has stated in her sworn deposition that the facts at a trial would support her allegations of negligence on the part of the driver of her own vehicle.

We do not quarrel with the court's statement of the law of imputed negligence. We fail to see any admission by the plaintiff, in the pleadings or deposition testimony, however, which mandated the application of the doctrine at the summary judgment stage.

OXENDINE v. BOWERS

[100 N.C. App. 712 (1990)]

In *Woods v. Smith*, 297 N.C. 363, 255 S.E.2d 174 (1979), plaintiff was a passenger in her own automobile, driven by defendant Smith. Her complaint alleged that a car driven by defendant Stallings crossed the center line and struck her car, and that she suffered injuries in the collision. She brought a negligence claim against Stallings and Smith, asserting that her injuries were caused "by the reason of the negligence of either or both."

Each defendant answered, denying their own negligence and admitting the negligence of the other. Defendant Stallings moved for summary judgment, relying on the doctrine of imputed contributory negligence. The trial court accepted her contention that her admission of defendant Smith's negligence established these allegations as conclusive judicial admissions and granted the motion. Defendant Smith then moved for summary judgment, relying on plaintiff's deposition testimony to the effect that he was not negligent. The trial court granted this motion as well.

The Supreme Court reversed on each motion. The Court acknowledged the general rule of *Davis v. Rigsby*, 261 N.C. 684, 136 S.E.2d 33 (1964), which holds that a party is bound by his pleadings unless withdrawn, amended, or otherwise altered, but declined to apply it to cases where a plaintiff brings a claim in the alternative against two or more defendants:

> Inconsistent, alternative, and hypothetical forms of statements of claims, "are directed primarily to giving notice and lack the essential nature of an admission. To allow them to operate as admissions would render their use ineffective and frustrate their underlying purpose. . . ." (Citation omitted).

The Court also set forth the effect of a party's deposition testimony which is adverse to her case:

> [W]hen a party gives adverse testimony in a deposition or at trial, that testimony should not, in most instances, be conclusively binding on him to the extent that his opponent may obtain either summary judgment or a directed verdict. Two exceptions to this general rule should be noted, however. First, when a party gives unequivocal, adverse testimony under factual circumstances such as were present in *Cogdill*, his statements should be treated as binding judicial admissions rather than as evidential admissions. Second, when a party gives adverse testimony, and there is insufficient evidence

to the contrary presented . . . summary judgment or a directed
verdict would in most instances be properly granted against him.

Plaintiff's testimony was held not to fit into either exception.

We first apply *Woods* to the pleadings. Plaintiff's complaint
does not explicitly state that her claims against the named defend-
ants are alternative allegations, but that does not preclude ap-
plication of *Woods.* "All persons may be joined in one action as
defendants if there is asserted against them jointly, severally, or
in the alternative, any right to relief in respect of or arising out
of the same transaction, occurrence, or series of transactions or
occurrences and if any question of law or fact common to all parties
will arise in the action." N.C. Gen. Stat. § 1A-1, Rule 20(a). "A
party may set forth two or more statements of a claim or defense
alternatively or hypothetically, either in one count or defense or
in separate counts or defenses." N.C. Gen. Stat. § 1A-1, Rule 8(e)(2).
Neither rule provides for any particular form of phrasing alter-
native claims.

The complaint sets forth separate counts against each defend-
ant. Each count contains a paragraph where it avers that plaintiff
was damaged by "*the* Defendant" (emphasis added) and lists the
same damages claims in nearly identical language. The prayer for
relief lists a damage claim against each, and a separate prayer
for judgment of joint and several liability. Plaintiff's attorney also
made it clear during plaintiff's deposition and at the summary
judgment hearing that he was attempting to plead the claims in
the alternative. While the better practice would be to use specific
language to the effect that such claims are brought in the alter-
native, we hold that on these facts, plaintiff's complaint is not
so inartfully drafted as to preclude application of the *Woods* rule.

[2]   We next apply *Woods* to plaintiff's deposition testimony in
this case. Neither exception to the general rule of nonconclusiveness
of adverse deposition testimony applies here. In *Cogdill v. Scates*,
290 N.C. 31, 224 S.E.2d 604 (1976), relied on in *Woods*, the party
"testified to concrete facts, not matters of opinion, estimate, ap-
pearance, inference, or uncertain memory. Her testimony was
deliberate, unequivocal and repeated." Plaintiff in this case adopted
a statement of her attorney that the "facts do support what has
been pled," *i.e.*, that her driver was negligent, but she also testified
in the same deposition that her driver was not negligent, and
stated "I really am not a lawyer, and I don't understand when

OXENDINE v. BOWERS

[100 N.C. App. 712 (1990)]

you come talking about who's at fault and who's to blame. I can't say because I don't know, other than Jane moved over." Such a statement is not such deliberate, unequivocal, and repeated testimony as would defeat plaintiff's claim as a matter of law. Plaintiff's deposition, which defendant Bowers submitted with her motion for summary judgment, also contained a forecast of evidence sufficient from which it could reasonably be inferred that plaintiff's driver was not negligent. The resolution of this issue should have been left to a jury.

Defendant Bowers failed to show that there were no genuine issues of material fact in this case, and that she was entitled to judgment as a matter of law. Summary judgment, therefore, was inappropriate. Having found for plaintiff on her first assignment of error, we do not consider her second or third assignments.

Reversed.

Judge EAGLES concurs and joins in the concurring in the result opinion of Judge LEWIS.

Judge LEWIS concurs in the result.

Judge LEWIS concurring in the result.

I concur in the result: Where a plaintiff sues two or more defendants, the plaintiff should clearly state that the actions are in the alternative, if they are. In the event that the plaintiff takes a voluntary dismissal as to one or more defendants, the plaintiff should move to strike those sections of the complaint no longer applicable. Otherwise, do the allegations remain viable, lurking in various counts, waiting to spring upon unsuspecting parties, lawyers or judges? Or alternatively, are these lines redacted by some un-named, unseen entity and if so, just which lines?

However, the present state of the law does not seem to require either.